IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**STATE FARM FIRE AND CASUALTY**     3:19-cv-00972-BR
**COMPANY, an Illinois Company,**

                                    OPINION AND ORDER

        **Plaintiff,**

**v.**

**EVANS CONSTRUCTION & SIDING**
**CORP., an Oregon corporation,**

        **Defendant.**

**DAVID P. ROSSMILLER**
**ELISS M. BOYD**
Betts, Patterson & Mines, P.S.
111 S.W. 5th Ave., Suite 3650
Portland, OR 97204
(503) 961-6338

        Attorneys for Plaintiff

**EMILY S. MILLER**
**RACHEL C. NIES**
Miller Nies, LLC
422 N.W. 8th Ave., Suite B
Portland, OR 97209
(971) 255-1407

        Attorneys for Defendant

**BROWN, Senior Judge.**

    This matter comes before the Court on Defendant Evans Construction & Siding Corp.'s Motion (#8) to Dismiss for Failure to State a Claim (Rule 12(b)(6)). The Court concludes the

1 – OPINION AND ORDER

record is sufficiently developed and, therefore, oral argument would not be helpful to resolve this Motion.

For the reasons that follow, the Court **DENIES** Defendant's Motion to Dismiss.

## BACKGROUND

On June 21, 2019, Plaintiff State Farm Fire and Casualty Company filed an action in this Court against Evans for declaratory judgment in which it seeks an order from this Court that it does not have a duty to defend or to indemnify Evans in an underlying lawsuit (Underlying Lawsuit) filed in Oregon state court. Plaintiff also alleges claims for breach of contract and misrepresentation based on Evans's tender of defense.

### I. The Underlying Lawsuit in State Court

On May 15, 2018, Irvington Garden Apartments, LLC, filed a second amended complaint in Multnomah County Circuit Court against Creston Homes, LLC, and others, in which it alleged claims for negligence based on defects in the construction of the Irvington Garden Apartments (the Construction Project) in Portland, Oregon. Creston was the general contractor on the Construction Project. Irvington alleges on September 26, 2017, it notified Creston of defects in the Construction Project.

On August 22, 2018, Creston filed a third-party action against Evans, a subcontractor on the Construction Project, in

which it alleged Evans was at least responsible in part for the construction defects Irvington claimed. Irvington's second amended complaint was attached as an exhibit to Creston's third-party complaint.

**II. The Declaratory-Judgment Action**

As noted, State Farm filed in this Court a declaratory-judgment action against Evans on June 21, 2019. State Farm alleges it issued two Contractors Liability Policies (the Policies) that named Evans as the insured and that were effective from December 26, 2006, through December 26, 2008. State Farm also alleges the Construction Project identified in the Underlying Lawsuit was commenced in 2011, and the subcontract between Evans and Creston was signed in 2011. State Farm alleges the Policies issued to Evans had expired before the Underlying Lawsuit was commenced, and any damages alleged in the Underlying Lawsuit "could not have occurred during the time periods the Policies were in effect." Accordingly, State Farm alleges it does not have a duty to defend or to indemnify Evans in the Underlying Lawsuit.

In addition, State Farm asserts two separate claims against Evans for breach of contract and misrepresentation. State Farm alleges the Cooperation Clauses of the Policies require the insured to "cooperate with [State Farm] in the investigation, settlement[,] or defense of the claim or suit" and that Evans

knew when it tendered defense of the Underlying Lawsuit that the damages could not have occurred during the effective period of the Policies. Accordingly, State Farm alleges Evans breached its duty to cooperate in the investigation of the claims in the Underlying Lawsuit by making a knowingly false tender of defense.

State Farm also alleges a claim for misrepresentation that Evans made a knowingly false representation that it was entitled to coverage when it made the tender of defense. State Farms asserts it relied on the false representation by Evans and was damaged as a result of such reliance. State Farm states it is, therefore, relieved of any performance required by the Policies as a result of the false representation by Evans.

On August 2, 2019, Evans filed a Motion to Dismiss State Farm's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

On August 30, 2019, the Court took Evans's Motion under advisement.

## **STANDARDS**

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint is based on facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Federal Rule of Civil Procedure 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid

of "further factual enhancement."  *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)).

## DISCUSSION

### I. State Farm's Claim Regarding Its Duty to Defend

Evans contends the Court should dismiss State Farm's First Claim for failure to state a claim regarding State Farm's assertion that it does not have a duty to defend.

#### A. Standards

The insurer's duty to defend is determined exclusively by reference to the insurance policy and the pleadings in the underlying action.  *Bresee Homes, Inc. v. Farmers Ins. Exch.*, 353 Or. 112, 116 (2012).  "'An insurer has a duty to defend an

of "further factual enhancement."  *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)).

## DISCUSSION

### I. State Farm's Claim Regarding Its Duty to Defend

Evans contends the Court should dismiss State Farm's First Claim for failure to state a claim regarding State Farm's assertion that it does not have a duty to defend.

#### A. Standards

The insurer's duty to defend is determined exclusively by reference to the insurance policy and the pleadings in the underlying action.  *Bresee Homes, Inc. v. Farmers Ins. Exch.*, 353 Or. 112, 116 (2012).  "'An insurer has a duty to defend an

action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for conduct covered by the policy.'" *Bresee Homes*, 353 Or. at 116 (quoting *Ledford v. Gutoski*, 319 Or. 397, 399-400 (1994)). The duty to defend arises if the "complaint provides *any basis* for which the insurer provides coverage" even if some of the conduct alleged in the pleadings falls outside of the policy's coverage. *Id.* (emphasis in original). "Any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured." *Id.*

B. **Analysis**

State Farm contends it has stated a plausible claim for declaratory judgment that it does not owe a duty to defend Evans on the ground that the Policies issued to Evans expired years before the Construction Project began in 2011. Evans, however, contends State Farm's theory requires the Court to consider extrinsic evidence outside of the "eight corners" of the Policies and the allegations in the Underlying Lawsuit, which is not allowed under Oregon law.

Although a court is generally limited to considering only the facts alleged in the underlying complaint and the policy language "regardless of whether information extrinsic to the complaint could establish that the claim at issue is not covered" (*see Ledford*, 319 Or. at 400), courts recognize several

exceptions to this rule.  For example, one exception allows the court to consider "extrinsic evidence of the date a claim was noticed to an insured when analyzing an insurer's duty to defend under a claims-made policy."  *Keizer Campus Ops., LLC v. Lexington Ins. Co.*, No. 6:13-cv-00165, 2013 WL 4786521, at *2 (D. Or. Sept. 5, 2013).  Another limited exception applies when there is a judicial determination that precludes coverage such as the criminal conviction of an insured for intentional injury, which estops the insured from claiming the injury was unintentional.  *Bresee*, 53 Or. at 124-25.  A third exception applies "in instances when courts are attempting to determine whether an organization or individual was an insured under a policy."  *Clarendon Am. Ins. Co. v. State Farm Fire & Cas. Co.*, No. 3:11-cv-01344, 2013 WL 54032, at *6 (D. Or. Jan. 3, 2013) (Brown, J.).  The courts have applied each of these exceptions to determine whether the court could consider extrinsic evidence in the context of a motion for summary judgment.

Here State Farm contends the Court may consider extrinsic evidence in the context of Evans's Motion to Dismiss to determine whether the Policies were in effect and whether Evans was insured at the time it tendered defense of the Underlying Lawsuit to State Farm.  This Court agrees.

In *Fred Shearer & Sons, Inc. v. Gemini Ins. Co.* the court held the plaintiff was not limited to the allegations of

the underlying complaint in order to determine whether it was "insured" within the meaning of the policy issued by the defendant. 237 Or. App. 468, 477 (2010). The court noted: "The facts relevant to an insured's relationship with its insurer may or may not be relevant to the merits of the plaintiff's case in the underlying litigation . . . . [T]he plaintiff often is not required to establish the nature of the defendant's relationship to some other party or to an insurance company in order to prove a claim." *Id.*

Here there would not be any reason for the plaintiff in the Underlying Lawsuit to include facts in its complaint about the relationship between Evans and State Farm in order to establish liability. The current issue before this Court is merely whether State Farm has stated a facially plausible claim for declaratory judgment that it does not have a duty to defend Evans in the Underlying Lawsuit. In other words, Evans's Motion to Dismiss for Failure to State a Claim may be granted only if there is not any cognizable legal theory to support State Farm's claim or if State Farm's Complaint lacks sufficient factual allegations to state a facially plausible claim. *See Shroyer v. New Cingular Wireless Svcs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Accordingly, State Farm is not limited to the eight corners of the underlying complaint and the Policies to support its allegation that it does not have a contractual duty to

defend Evans.

As noted, State Farm has alleged it issued Policies insuring Evans during the period from December 26, 2006, through December 26, 2008. State Farm alleges the Construction Project commenced in 2011, and the subcontract between Evans and Creston Homes was signed in 2011, which was more than two years after the Policies lapsed. State Farm also alleges Evans tendered defense of the Underlying Lawsuit and was aware that any damage alleged in the Underlying Lawsuit did not occur during the time the Policies were in effect.

On this record the Court concludes State Farm has sufficiently alleged facts that state a facially plausible claim for declaratory judgment as to its duty to defend.

**II. Evans's Request to Stay State Farm's Second Claim Regarding Its Duty to Indemnify**

Evans contends State Farm's Second Claim regarding its duty to indemnify is independent of its duty to defend, and, accordingly, the Court should stay determination of State Farm's Second Claim pending resolution of the Underlying Lawsuit because there is a "possibility of prejudice" to Evans in the Underlying Lawsuit.

Evans does not appear to seek dismissal of State Farm's Second Claim regarding the duty to indemnify, but only requests the Court to stay that claim pending resolution of the

Underlying Lawsuit. Thus, the only question for the Court at this stage is whether the Court should stay resolution of State Farm's Second Claim that it does not have a duty to indemnify Evans.

### A. Standards

A federal district court has the inherent power to control its own docket and calendar. *Mediterranean Enter., Inc. v. Ssangyong Constr. Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). *See also Kee Action Sports, LLC v. Syang Huei Indus. Co., Ltd.*, No. 3:14-cv-00071-HZ, 2014 WL 2506496, at *4 (D. Or. June 2, 2014); Fed. R. Civ. P. 16. The district court must weigh the following competing interests to determine whether to exercise its discretion to stay proceedings:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). *See also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

### B. Analysis

The Oregon court of appeals in *North Pacific Insurance Co. v. Wilson's Distributing Service, Inc.*, held the trial court should have stayed the insurer's declaratory-judgment action to

11 - OPINION AND ORDER

the extent that it sought to determine whether the insurer had a duty to indemnify its insured in an underlying case based on additional evidence outside of the underlying complaint. 138 Or. App. 166, 175 (1995), *rev. denied,* 323 Or. 264 (1996). The court noted the declaratory-judgment action put the insured in the position of being required to abandon denial of liability in the underlying lawsuit in order to come within the exception to the policy exclusion in the declaratory-judgment action. *Id.*

Here Evans does not point to any evidence that it would be prejudiced in the Underlying Lawsuit by this Court's determination as to whether State Farm has a duty to indemnify Evans. Moreover, Evans does not point to any evidence that it would be prejudiced in the Underlying Lawsuit if it is required to proceed in this Court on State Farm's claim for declaratory judgment regarding State Farm's duty to indemnify. In fact, Evans states even if it "concede[d] that State Farm has no duty to indemnify Evans in the Underlying Lawsuit, this does not affect State Farm's ongoing duty to defend."

Although Evans does not challenge the plausibility of State Farm's Second Claim, the Court also concludes based on its review of State Farm's Complaint that State Farm has sufficiently alleged facts that state a facially plausible claim for declaratory judgment regarding its duty to indemnify.

Accordingly, in the exercise of its discretion, the

Court denies Evans's request to stay the Court's determination of State Farm's duty-to-indemnify claim.

**III. State Farm's Claims for Breach of Contract and Misrepresentation**

Evans contends the Court should dismiss State Farm's Third Claim for breach of contract and Fourth Claim for misrepresentation for failure to state a claim. Evans contends its tender of defense to State Farm on which these two claims are based "does not include the key fact on which these claims rest"; *i.e.*, a false representation that Evans was entitled to coverage.

    **A.**    **Background**

On September 4, 2018, Evans, through its attorney, tendered defense of the Underlying Lawsuit to State Farm. The tender of defense stated: "I am defending the State Farm insured [Evans] as personal counsel. The insured has asked that I tender defense of this claim to State Farm. Based on the pleadings, it appears State Farm has a duty to defend. Please let me know if you have any questions." Decl. of Rachel Nies (#8-1), Ex. 1.

    **B.**    **Analysis**

Evans contends State Farm has not alleged a sufficient factual basis to support either its breach-of-contract or misrepresentation claim. Evans contends its tender of defense

was "based on the pleadings," does not assert damages that may have occurred during the period of the Policies, and does not make any false representation. Evans asserts State Farm cannot meet any of the requirements necessary to rescind the Policies, and the mere act of Evans tendering defense is insufficient to support either of these claims.

As noted, State Farm alleges the Cooperation Clauses in the Policies provide: "You and any other involved insured must . . . cooperate with us in the investigation, settlement or defense of the claim or suit . . . ." State Farm also alleges the Concealment, Misrepresentation or Fraud conditions in the Policies provide:

> [T]his entire policy will be void . . .
> (a.) if, whether before or after a loss, you have willfully concealed or misrepresented any material fact or circumstance concerning:
> (1) this insurance or the subject of it; or
> (2) your interest in it; or (b.) in the case of any false swearing by you relating to this insurance.

When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility. *Twombly*, 550 U.S. at 556. State Farm asserts Evans knew or should have known the Policies were not in effect when it tendered the defense of the Underlying Lawsuit. State Farm alleges Evans, therefore, knowingly made a false tender of

defense that breached the duty to cooperate and knowingly made a false representation that voided the Policies. State Farm contends these allegations must be taken as true for purposes of this Motion, and, therefore, it has sufficiently stated plausible claims against Evans at this stage of the proceedings.

On this record the Court concludes State Farm has pleaded factual content sufficient to state facially plausible claims for breach of contract and misrepresentation against Evans.

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#8) to Dismiss for Failure to State a Claim.

The Court **DIRECTS** Defendant Evans to file no later than **October 11, 2019,** its Answer in response to State Farm's Complaint. The Court will set a Rule 16 Conference in due course thereafter.

IT IS SO ORDERED.

DATED this 26th day of September, 2019.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge