IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company, | 3:19-cv-00972-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| EVANS CONSTRUCTION & SIDING CORP., an Oregon corporation; FIRST MERCURY INSURANCE COMPANY, a Delaware company; NEVADA CAPITAL INSURANCE COMPANY, a Nevada corporation; PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC, a Montana limited liability company; HDI GLOBAL SPECIALTY SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANOVER SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANOVER PLC, a foreign insurance company; and CRESTON HOMES, LLC, an Oregon limited liability company, | |
| Defendants. | |

DAVID P. ROSSMILLER
ELISSA M. BOYD
Betts, Patterson & Mines, P.S.
111 S.W. 5th Ave., Ste. 3650
Portland, OR 97204
(503) 961-6338

        Attorneys for Plaintiff

**EMILY S. MILLER**
**MARGARET E. SCHROEDER**
Miller Insurance Law LLC
521 S.W. Clay St.
Portland, OR  97201
(971) 255-143

       Attorneys for Defendant Evans Construction & Siding
       Corp.

**ANDREW S. MOSES**
**ELAINE J. BROWN**
Gordon & Polscer, L.L.C.
9020 S.W. Washington Square Rd., Ste. 560
Tigard, OR  97223
(503) 242-2922

       Attorneys for Defendant First Mercury Insurance
       Company

**THOMAS LETHER**
**ERIC J. NEAL**
Lether Law Group
1848 Westlake Ave. N., Ste. 100
Seattle, WA  98109

       Attorneys for Defendant Nevada Capital Insurance
       Company

**BROWN, Senior Judge.**

This matter comes before the Court on the following Motions as they pertain to State Farm's Claims:

1.    Plaintiff State Farm Fire and Casualty Company's Motion (#90) for Summary Judgment on Claims[1] One and Two;

---

[1] In its Second Amended Complaint State Farm alleges five Claims and alleges two separate counts in the Fifth Claim. In its Motions, however, State Farm refers to its Claims as "Counts."  Other parties followed State Farm's lead "to avoid confusion."  The Court, however, will refer to them as "Claims."

2.    Defendant Evans Construction & Siding Corp.'s Motion (#112) to Dismiss Plaintiff's Claims One and Two as moot for lack of subject-matter jurisdiction;

3.    Evans Construction's Cross-Motion (#113) for Summary Judgment on Plaintiff's Claims One and Two and on Evans' Second Affirmative Defense (Mootness);

4.    State Farm's Motion (#92) for Summary Judgment on Claims Three and Four;

5.    Evans Construction's Cross-Motion (#107) for Summary Judgment on Claims Three and Four and on Its Affirmative Defenses;

6.    State Farm's Motion (#94) for Summary Judgment on Claim Five;

7.    Defendant First Mercury Insurance Company's Cross-Motion (#115) for Summary Judgment Regarding State Farm's Fifth Claim for Relief; and

8.    Defendant Nevada Capital Insurance Company's Motion (#96) for Summary Judgment as to Claim Five.

The Court concludes the record is sufficiently developed and, therefore, oral argument is not required to resolve these Motions.

For the reasons that follow, the Court:

1.    **DENIES as moot** State Farm's Motion (#90) for Summary Judgment on Claims One and Two based on the Court's lack of

subject-matter jurisdiction;

2. **GRANTS** Evans Construction's Motion (#112) to Dismiss Plaintiff's Claims One and Two as moot based on the Court's lack of subject-matter jurisdiction;

3. **DENIES as moot** Evans Construction's Cross-Motion (#113) for Summary Judgment on Plaintiff's Claims One and Two and on Evans' Second Affirmative Defense (Mootness);

4. **DENIES** State Farm's Motion (#92) for Summary Judgment on Claims Three and Four;

5. **GRANTS** Evans Construction's Cross-Motion (#107) for Summary Judgment on Claims Three and Four and on Its Affirmative Defenses;

6. **DENIES** State Farm's Motion (#94) for Summary Judgment on Claim Five;

7. **GRANTS** First Mercury's Cross-Motion (#115) for Summary Judgment Regarding State Farm's Fifth Claim for Relief; and

8. **GRANTS** Nevada Capital's Motion (#96) for Summary Judgment as to Claim Five.

## BACKGROUND

The following facts are taken from the parties' Joint Statement of Agreed Facts (#89), the pleadings, and the materials filed by the parties regarding the pending Motions. The facts are construed in the light most favorable to the

nonmoving party on each Motion and accepted as undisputed unless
otherwise indicated.

On June 21, 2019, State Farm filed a Complaint in this
Court for declaratory judgment against Evans Construction.
State Farm's claims arise from an action filed in Multnomah
County Circuit Court alleging construction defects against Evans
Construction and others (the Underlying Lawsuit).

On December 20, 2019, State Farm filed a First Amended
Complaint (#20) and added First Mercury, Nevada Capital, and
others as additional Defendants.

On January 6, 2020, State Farm filed a Second Amended
Complaint (#33) in which it dismissed all Defendants except
Evans Construction, First Mercury, and Nevada Capital.

State Farm asks this Court to determine State Farm's rights
and duties as to Evans Construction under two Contractors
Liability Policies (the Policies) that State Farm issued to
Evans Construction effective December 26, 2006, through December
26, 2008.  After December 26, 2008, State Farm did not issue any
additional policies to Evans Construction.

In its Second Amended Complaint State Farm also asks the
Court to determine the responsibilities between it, First
Mercury, and Nevada Capital relating to defense costs incurred
in the Underlying Lawsuit.

## I. The Underlying Lawsuit

On May 15, 2018, Irvington Garden Apartments, LLC, filed a Second Amended Complaint in Multnomah County Circuit Court against Creston Homes, LLC, and others in which it alleged claims for negligence based on defects in the construction of the Irvington Garden Apartments (the Construction Project) in Portland, Oregon. The Construction Project was started in 2011. Creston Homes was the general contractor on the Construction Project, and Evans Construction was a subcontractor on the Construction Project. With its bid for the subcontract work Evans Construction provided a Certificate of Liability Insurance listing First Mercury as its Commercial General Liability carrier.

The Subcontract between Evans Construction and Creston Homes was signed by them on January 5, 2011, and January 12, 2011, respectively. Addendum 1 to the Subcontract states the "Construction Schedule" was "24 days total duration for the project."

Evans Construction's first invoice to Creston Homes for work on the Construction Project was dated February 14, 2011. The last invoice to Creston Homes that Evans Construction was able to locate regarding its work on the Construction Project was dated September 23, 2011.

On September 26, 2017, Irvington Garden sent a Notice of

Construction Defect to Creston Homes regarding alleged defects on the Construction Project.

As noted, on May 15, 2018, Irvington Garden filed a lawsuit against Creston Homes in Multnomah County Circuit Court.

On May 25, 2018, Creston Homes sent a "Secondary Notice of Defect and Demand for Defense & Indemnification" letter to Evans Construction regarding the Construction Project. The Secondary Notice referenced the Subcontract dated January 4, 2011. Creston Homes also sent the Secondary Notice to, among others, First Mercury and Nevada Capital, which had provided insurance binders to Evans Construction. Creston Homes did not send the Secondary Notice to State Farm.

At some point Evans Construction hired Kenneth Walhood to act as defense counsel related to the Construction Project.

On June 19, 2018, Evans Construction tendered its defense regarding the Construction Project to First Mercury and Nevada Capital.

On August 22, 2018, Creston Homes filed a Third-Party Complaint against various subcontractors on the Construction Project including Evans Construction and alleged Evans Construction was at least in part responsible for the construction defects and damages claimed by Irvington Garden in the Underlying Lawsuit.

On September 4, 2018, Evans Construction tendered defense

of the Underlying Lawsuit to State Farm in an email that was
sent by Walhood to James Nelon, a claims specialist with State
Farm.  In the email Walhood stated:  "I am defending the State
Farm insured [Evans Construction] as personal counsel.  The
insured has asked that I tender defense of this claim to State
Farm.  Based on the pleadings, it appears State Farm has a duty
to defend."  According to Walhood, the statement "[b]ased on the
pleadings" referred to the allegations of negligence and
property damage in the Third-Party Complaint.  The Third-Party
Complaint, however, did not indicate the dates the Construction
Project commenced, when damages occurred, or when Evans
Construction started or completed the work.

On September 11, 2018, Nelon made the following note in
State Farm's claim file:  "Accepted and received notice from the
insured that there is a new lawsuit matter filed against the
insured's former siding company.  The DOL [date of loss] is 2011
which is when the work was completed.  The policy was last in
force from 2007-2008."  Nelon recommended to his team manager,
Steve McAlister, that State Farm should review Evans
Construction's tender as to coverage.

On September 11, 2018, Walhood also sent an updated tender
of defense to First Mercury and Nevada Capital based on the
Third-Party Complaint.

On September 17, 2018, McAlister gave approval for State

Farm to conduct a coverage analysis.

On September 18, 2018, Nevada Capital agreed to defend Evans Construction in the Underlying Lawsuit under a full reservation of rights.

On September 18, 2018, Walhood emailed Nelon to inform State Farm that Nevada Capital would be providing a defense for Evans Construction in the Underlying Lawsuit, and Walhood asked whether State Farm would be joining the defense. Nelon informed Walhood that State Farm was "performing a coverage evaluation."

On September 19, 2018, Nelon approved a coverage specialist to review the tender of Evans Construction. Nelon identified the coverage issues as follows:

> [T]he policy [State Farm] had in place was cancelled in 2008. With this information will there be a DTD [Duty to Defend] or a . . . duty to indemnify? Should there be a DTD, the defense will be split 4 ways. Imdenity [sic](if any) would be per time on risk calculations. . . . Please review the complaint and provide direction as to the defense of the insured or not.

Jt. Statement of Agreed Facts (#89) ¶ 60.

On September 25, 2018, Linda Cummings, a State Farm duty-to-defend claim specialist who evaluates coverage, conducted a duty-to-defend review. Cummings made the following coverage recommendation:

> [B]ased on the limited information contained in the Third-Party Complaint and other pleadings, it is unknown whether the insured worked on the Subject Property or whether the alleged resulting property

> damage attributed to Evans Construction Corp. occurred
> after the expiration of the policy.  At this time, I
> believe there is a duty to defend the insured, subject
> to a Reservation of Rights. . . .  I recommend we
> request job files and documents from the insured along
> with the ROR [reservation of rights] letter and
> reserve the right to withdraw defense in this matter
> should we determine the damage did not occur during
> the period when a State Farm policy was in force.

Jt. Statement of Agreed Facts (#89) ¶ 65.

On September 27, 2018, McAlister agreed with Cummings's coverage recommendation and directed Cummings to draft the reservation-of-rights letter for his review.

On October 11, 2018, First Mercury agreed to join in the defense of Evans Construction in the Underlying Lawsuit under a full reservation of rights pursuant to its policy that was effective from December 30, 2010, to December 30, 2011.

On October 15, 2018, State Farm sent its reservation-of-rights letter to Walhood and Evans Construction directly.  The parties agree as of the date of the reservation-of-rights letter there was a possibility that the property damage alleged by Creston Homes may not have occurred during the State Farm policy periods.

On October 31, 2018, Nelon confirmed to Walhood that State Farm would pay defense costs back to September 11, 2018.

On November 11, 2018, Walhood emailed documents to Nelon, including Walhood's Initial Report and a copy of the Subcontract Agreement between Evans Construction and Creston Homes dated

January 5, 2011.

The parties agree there was not any damage caused by Evans
Construction at the Construction Project on or before
December 26, 2008, and that Evans Construction did not perform
any work or cause any damage on the Construction Project before
January 3, 2011.  The parties also agree State Farm did not
issue any additional policies to Evans Construction after
December 26, 2008.

## II.  The Declaratory-Judgment Action

As noted, State Farm filed this action (1) for declaratory
judgment to determine its duty to defend and to indemnify Evans
Construction, (2) for declaratory judgment as to its claims for
breach of contract and misrepresentation against Evans
Construction, and (3) for declaratory judgment to obtain
contribution and indemnity from other Defendants for State
Farm's expenses incurred in defending Evans Construction in the
Underlying Lawsuit.

On October 11, 2019, Evans Construction filed its Answer
and stated:  "Defendant withdraws its defense tender and
represents that it is not seeking and will not seek defense from
Plaintiff for the Underlying Lawsuit.  No actual controversy
exists for which Plaintiff can seek declaratory judgment."

In February 2020 a settlement was reached in the Underlying
Lawsuit, and the state court dismissed the case in April 2020.

State Farm did not contribute to the settlement.  State Farm,
however, incurred $12,481.21 in costs to defend Evans
Construction in the Underlying lawsuit.


## STANDARDS

### I.  Summary Judgment

Summary judgment is appropriate when "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." *Washington Mut. Ins. v. United
States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R.
Civ. P. 56(a).  The moving party must show the absence of a
dispute as to a material fact. *Rivera v. Philip Morris, Inc.*,
395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly
supported motion for summary judgment, the nonmoving party must
go beyond the pleadings and show there is a genuine dispute as
to a material fact for trial.  *Id.*  "This burden is not a light
one. . . .  The non-moving party must do more than show there is
some 'metaphysical doubt' as to the material facts at issue."
*In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir.
2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence
is such that a reasonable jury could return a verdict for the
nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281
F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## II. Declaratory-Judgment Actions

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, provides: "In a case of actual controversy within its

jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). *See also CAMICO Mut. Ins. Co. v. McCoy Foat & Co., CPAs, P.C.*, No. 3:18-CV-00701-HZ, 2018 WL 4323893, at *2 (D. Or. Sept. 6, 2018)(same).

The "actual controversy" requirement is satisfied when the plaintiff alleges facts showing a substantial controversy between parties with adverse legal interests that is sufficiently immediate to warrant the issuance of declaratory relief. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). *See also CAMICO Mut. Ins. Co. v. McCoy Foat & Co., CPAS, P.C.*, 2018 WL 4323893, at *2.


## DISCUSSION

State Farm contends the Policies issued to Evans Construction expired before the Underlying Lawsuit was commenced, and any damages alleged in the Underlying Lawsuit "could not have occurred during the time periods the Policies were in effect." Accordingly, State Farm contends it did not have a duty to defend or to indemnify Evans Construction in the

Underlying Lawsuit.

In addition, State Farm asserts two separate claims against Evans Construction for breach of contract and misrepresentation. State Farm alleges in its breach-of-contract claim that the Cooperation Clauses of the Policies require the insured to "cooperate with [State Farm] in the investigation, settlement[,] or defense of the claim or suit" and that Evans Construction knew when it tendered defense of the Underlying Lawsuit that the damages could not have occurred during the effective period of the Policies. Accordingly, State Farm alleges Evans Construction breached its duty to cooperate in the investigation of the claims in the Underlying Lawsuit by making a knowingly false tender of defense.

State Farm alleges in its claim for misrepresentation that Evans Construction made a knowingly false representation that it was entitled to coverage when it made the tender of defense. State Farm asserts it relied on the false representation by Evans Construction and was damaged as a result of such reliance. State Farm states it is, therefore, relieved of any performance required by the Policies as a result of Evans Construction's false representation.

State Farm also alleges claims for equitable contribution/unjust enrichment and common-law indemnity against First Mercury and Nevada Capital for the defense fees and costs

paid by State Farm in the Underlying Lawsuit.

Evans Construction seeks to dismiss State Farm's Claims regarding the duty to defend and to indemnify on the ground that the Claims are moot, and, therefore, this Court lacks subject-matter jurisdiction over those Claims.  As to State Farm's failure-to-cooperate and misrepresentation Claims, Evans Construction contends there is not a genuine dispute of material fact as to those claims, and, in any event, it is entitled to summary judgment as a matter of law.

First Mercury and Nevada Capital also contend they are entitled to judgment as a matter of law on State Farm's Fifth Claim against them for equitable subrogation/unjust enrichment and common-law indemnity.

I.  **State Farm's First and Second Claims (Duty to Defend and Duty to Indemnify).**

As a threshold matter Evans Construction asks the Court to dismiss State Farm's First and Second Claims regarding its duty to defend and to indemnify Evans Construction on the ground that the Court lacks subject-matter jurisdiction because State Farm's Claims are moot.  Evans Construction contends the Underlying Lawsuit was settled without any contribution from State Farm; the Underlying Lawsuit was dismissed with prejudice; Evans Construction "unequivocally" withdrew its tender of defense to State Farm on October 11, 2019, after this lawsuit was filed;

and, therefore, there is not any cognizable case or controversy. In addition, Evans Construction contends "no one is seeking indemnity from State Farm."

State Farm, however, contends there are "live" controversies as to each of these Claims that also form the basis of State Farm's remaining Claims Three, Four, and Five.

**A.    Standards**

**1.    Lack of Subject-Matter Jurisdiction (Mootness) Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

"[F]ederal courts are limited to deciding 'cases' and 'controversies.'" *Bova v. City of Medford*, 564 F.3d 1093, 1095 (9th Cir. 2009)(quoting United States Const. Art. III, § 2). "Two components of the Article III case or controversy requirement are standing and ripeness." *Id.* at 1096 (citing *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the subject-matter jurisdiction of a federal court.

To satisfy the standing requirement of Article III a plaintiff must show "'an injury in fact'; 'a causal connection between the injury and the conduct complained of' and a conclusion that it is 'likely,' as opposed to merely 'speculative'; and that the injury will be 'redressed by a favorable decision.'" *Ariz. Christian Sch. Tuition Org. v.*

*Winn*, 131 S.Ct. 1426, 1437 (2011)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). *See also Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). *See also Renee v. Duncan*, 623 F.3d 787, 801 (9th Cir. 2010).

### 2. Mootness

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union*, 132 S.Ct. 2277, 2287 (2012). A case is moot, and, therefore, a court lacks jurisdiction as to such a matter if there is no longer a "live" controversy between the parties because they lack a "legally cognizable interest in the outcome." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004)(citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Mootness is a question of subject-matter jurisdiction properly raised under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The "test for mootness in the context of a case, like this one, in which a plaintiff seeks declaratory relief . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse

legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005)(citations omitted).  An action is moot "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1389 (9th Cir. 1985)(citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).  "The basic question in determining mootness is whether there is a present controversy as to which relief can be granted." *Northwest Env'tl. Defense Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).  *See also Allstate Ins. v. Staten*, No. 07-125-CL, 2007 WL 4577390, at *4 (D. Or. Dec. 20, 2007)(quoting *Northwest*).  "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997).  *See also Beyer v. Bank of Am.*, 695 F. App'x 238 (9th Cir. 2017)(same; citing *Arizonans for Official English*, 520 U.S. at 67).

## B.  Analysis

State Farm alleges in its First Claim that

> [a]n actual controversy exists between State Farm and Evans Construction and the Defending Insurers [First Mercury and Nevada Capital] relating to whether the State Farm Policies owe a past or present duty to defend Evans Construction in the Underlying Lawsuit regarding either the 2006-07 State Farm Policy or the 2007-08 State Farm

> Policy. Namely, State Farm does not believe the
> Underlying Lawsuit triggered State Farm's duty to
> defend Evans Construction, but Evans Construction
> and the Defending Insurers, upon information and
> belief, believe Evans Construction is, and/or
> was, owed a defense from State Farm.

Second Am. Compl. (#33), ¶ 31. State Farm makes a similar

allegation in its Second Claim regarding the duty to indemnify.

*Id.* at ¶ 35.

Evans Construction asserts there is no longer a case

or controversy when an insured withdraws a claim for coverage.

*See, e.g., Safeco Ins. Co. of Am. v. Smith*, No. 4:17-CV-1552-

JMB, 2018 WL 513668, at *3 (E.D. Mo. Jan. 23, 2018)("[B]ecause

defendant [] has withdrawn her prior demand for coverage, there

is no longer an actual controversy between her and plaintiff.

Defendant's motion to dismiss will be granted."); *Sec. Nat'l*

*Ins. Co. v. F.D.I.C.*, No. 13-6736, 2015 WL 1973346, at *3 (E.D.

Penn. May 1, 2015)("Plaintiff's liability to provide coverage

exists because of Defendant's request for coverage. Since that

request has been withdrawn, and it has been represented that it

will never be resubmitted in the future, any question of

Plaintiff's liability is extinguished."); *Travelers Prop. Cas.*

*Co. of Am. v. Centex Homes*, No. 1:14-CV-1450-LJO-GSA, 2015 WL

966205, at *3 (E.D. Cal. Mar. 4, 2015)(declaratory judgment moot

after insured withdrew claim); *Am. Int'l Specialty Lines Ins.*

*Co. v. Pacifica Amber Trail, LP*, No. 11CV0336-LAB-WVG, 2013 WL

3205345, at *3 (S.D. Cal. June 24, 2013)("[T]he bottom line is that Pacifica is not pursuing insurance coverage now," and "[t]he issue of whether the Policy entitles Pacifica to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction."); *Unigard Ins. Co. v. Cont'l Warehouse*, No. C-00-4279 WHO, 2001 WL 432396, at *2 (N.D. Cal. Apr. 26, 2001)("There is no dispute between Continental Warehouse and Unigard unless and until Continental Warehouse resubmits a claim on the Unigard policy. This may never occur."); *State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103, 106 (E.D. Pa. 1982) (withdrawal of claim for insurance suffices to make action moot).

State Farm contends the authorities cited by Evans Construction are distinguishable because the only claim asserted in those cases was for declaratory judgment and that claim was mooted by withdrawal of the tender of defense. State Farm contends in this case the duty to defend is an element of each of its remaining Claims and State Farm would be unable to a obtain a determination regarding its rights on its other Claims if the Court dismisses Claims One and Two.

There does not appear to be any Ninth Circuit authority directly on point. Even though the cases cited by Evans Construction are not binding on this Court, the Court

finds their reasoning is persuasive.  The only relief State Farm
seeks in Claims One and Two is a determination as to whether it
has a duty to defend Evans Construction in the Underlying
Lawsuit or to indemnify Evans Construction for any damages.  The
undisputed facts show Evans Construction withdrew its tender of
defense to State Farm in its Answer filed on October 11, 2019.
In addition, the Underlying Lawsuit was settled in April 2020
without any contribution by State Farm, the case was dismissed
with prejudice, and none of the parties seek indemnity from
State Farm.  Thus, there is not pending any actual controversy
for the Court to resolve as to Claims One and Two.

The Court, therefore, concludes the undisputed
material facts establish State Farm's First and Second Claims
for declaratory relief are moot as to its duty to defend or to
indemnify Evans Construction in the Underlying Lawsuit.
Accordingly, the Court **GRANTS** Evans Construction's Motion (#112)
to Dismiss Claims One and Two and **DISMISSES** State Farm's First
and Second Claims against Evans Construction for lack of
subject-matter jurisdiction.

Based on the Court's dismissal of State Farm's First
and Second Claims, the Court also **DENIES as moot** State Farm's
Motion (#90) for Summary Judgment on its Claims One and Two and
**DENIES as moot** Evans Construction's Cross-Motion (#113) for
Summary Judgment on State Farm's Claims One and Two.

The Court also notes, as discussed below, whether State Farm had a duty to defend or to indemnify Evans Construction in the Underlying Lawsuit is not an element of State Farm's Third and Fourth claims.

## II. State Farm's Third and Fourth Claims (Breach of Contract and Misrepresentation).

State Farm seeks a declaration that it is relieved of any duty under the Policies as a matter of law based on Evans Construction's breach of the Cooperation Clause in the Policies and that the State Farm Policies are void based on Evans Construction's misrepresentations in its tender of defense.

Evans Construction, however, contends it is entitled to judgment on State Farm's Third and Fourth Claims and on its own First, Fourth, and Tenth Affirmative Defenses on the grounds that State Farm has failed to establish the elements of either Claim, State Farm has failed to state a claim, any payments made by State Farm were voluntary, and the damages that State Farm seeks are not recoverable.

### A. Standards

The parties agree the following standards govern State Farm's Third and Fourth Claims.

### 1. Breach of Contract

To enforce the Cooperation Clause the insurer must establish the following: (1) the insurer diligently sought the

insured's cooperation, (2) the insured willfully failed to cooperate, and (3) the insured's failure to cooperate prejudiced the insurer. *Assurance Co. of Am. v. MDF Framing, Inc.*, 338 F. App'x 625, 626 (9th Cir. 2009)(citing *Rosalez v. Unigard Ins. Co.*, 283 Or. 63 (1978).

### 2. Misrepresentation

To void a policy based on misrepresentation the insurer must establish by a preponderance of the evidence that (1) the insured misrepresented or concealed a material fact, (2) the insured did so willingly or intentionally, and (3) the insurer relied on the misrepresentation or concealment to its detriment. *Degon v. USAA Cas. Ins. Co.*, No. 3:19-cv-01152, 2021 WL 413839, at *4 (D. Or. Jan. 7, 2021).

### B. Analysis

The State Farm Policies contain the following provisions:

**Section II**

**GENERAL CONDITIONS**

* * *

3. **Duties in the Event of Occurrence, Claim or Suit**

* * *

c. You and any other involved insured must:

* * *

(3) cooperate with us in the investigation,

settlement or defense of the claim or
suit.

The following was added by endorsement:

**Concealment, Misrepresentation or Fraud**

\* \* \*

2.    In order to use any representation made by you or
on your behalf in defense of a claim under the
policy, we must show that the representations are
material and that we relied on them.

3.    Subject to items 1. and 2. above, this entire
policy will be void:

a.    if, whether before or after a loss, you have
willfully concealed or misrepresented any
material fact or circumstance concerning:

(1)  this insurance or the subject of it; or

(2)  your interest in it; or

b.    in the case of any false swearing by you
relating to this insurance.

Second Am. Compl., Ex. A at 32, 61, 151 (emphasis in original).

As noted, State Farm contends Evans Construction breached the

cooperation clause of the Policies and made misrepresentations

when Evans Construction tendered defense of the Underlying

Lawsuit even though it knew there was not any coverage under the

Policies.

### 1.    State Farm has failed to establish Evans Construction's alleged lack of cooperation.

State Farm contends Evans Construction failed to

cooperate with State Farm when Evans Construction made an

improper tender of defense, which implied insured status pursuant to the State Farm Policies. State Farm asserts it "had to rely on the fact of tender to provide the relevant information – Evans Construction was implicitly stating that it was an insured on a relevant policy by tendering the claim," and State Farm did not have any reason to suspect that Evans Construction had "deliberately failed to cooperate." State Farm points to the fact that the Policies had expired before Evans Construction began working on the Construction Project; that Evans Construction did not send State Farm the Secondary Notice of Defect that it had received from Creston Homes, which would have revealed there was not any coverage under the Policies; and that State Farm was "forced" to pay $12,481.21 in defense costs prior to Evans Construction's withdrawal of its tender of defense. State Farm contends its contractual rights to investigate the claim and to decide whether to defend were prejudiced by Evans Construction's "wrongful implication of its own supposed right to a defense."

In response, Evans Construction contends State Farm has failed to provide any evidence that establishes the elements of its Claim that Evans Construction failed to cooperate or that State Farm requested Evans Construction to cooperate. Evans Construction also asserts an insured's tender of defense initiates an insurer's investigation and cannot be a breach of

the cooperation clause, Evans Construction complied with State

Farm's requests for additional documentation, and State Farm

made defense payments to defense counsel after it had received a

copy of the Subcontract between Evans Construction and Creston

Homes and was aware of the date of the subcontract.

An insured's failure to cooperate with an insurer must

be willful.  *See, e.g., Rosalez v. Unigard Ins. Co.,* 283 Or. 63,

67 (1978)(discussing willful failure to cooperate).  *See also*

*Assurance Co. of Am. v. MDF Framing, Inc.*, No. CV 06-169-MO,

2008 WL 361289, at *5 (D. Or. Feb. 7, 2008), *aff'd,* 338 F. App'x

625 (9th Cir. 2009)(citing *Rosalez*, 283 Or. 67).  "[T]he word

'willful' does not necessarily cast blame or implicate malice;

it merely indicates that the act or omission was purposeful and

not the product of inadvertence."  *Assurance*, 2008 WL 361289,

at *5 (citing *Young v. State,* 340 Or. 401, 409 (2006)).  An

insured acts willfully if it knows what it is doing, intends to

do it, and is a free agent.  *Assurance,* 2008 WL 361289,

at *5 (citing *State ex rel Nilsen v. Johnston,* 233 Or. 103, 108

(1962)).

On September 4, 2018, Walhood, Evans Construction's

attorney, sent an email to Nelon, State Farm's Claim Specialist,

providing a copy of the Third-Party Complaint in the Underlying

Lawsuit.  Walhood was already working with Nelon on another case

for Evans Construction.  Walhood stated in the email:  "Based on

the pleadings, it appears State Farm has a duty to defend. Please let me know if you have any questions." This was the first notice to State Farm of any potential claim by Evans Construction.

On October 15, 2018, after doing its own duty-to-defend evaluation, State Farm sent a reservation-of-rights letter to Walhood and agreed to defend Evans Construction in the Underlying Lawsuit. State Farm, however, noted in its claims file that "[t]here is a question whether certain allegations of the Third-party Complaint seek damages that the insured becomes legally obligated to pay as damages . . . during the policy period." State Farm requested a copy of the Subcontract between Evans Construction and Creston Homes. On November 11, 2018, Walhood mailed a copy of the Subcontract to State Farm.

State Farm does not point to any evidence that shows Evans Construction failed to provide other information or documentation requested by State Farm. Nelon, in fact, testified his working relationship with Walhood was "professional." Nelon answered "No" when he was asked whether he had "the sense [that Walhood] was not being truthful with you in any way?" and whether he had "any experience where you asked [Walhood] to provide you information and he refused to do so?" In addition, McAlister, State Farm's Team Manager, testified he did not recall asking Walhood to provide information on behalf

of the policyholder and Walhood refusing to do so.

The Court concludes on this record that State Farm has not established it sought further cooperation from Evans Construction or that Evans Construction willfully failed to cooperate with State Farm.

State Farm also asserts it was prejudiced by Evans Construction's alleged failure to cooperate. "Prejudice includes a substantial detriment to the insurer's duty to litigate or adjust the case." *Assurance*, 2008 WL 361289, at *5. State Farm contends it was prejudiced when it paid defense costs before Evans Construction withdrew its tender. Based on its own analysis, however, State Farm concluded it had a duty to defend Evans Construction in the Underlying Lawsuit, and, therefore, State Farm paid the defense costs as it was obligated to do pursuant to the Policies. Whether the payments could be construed as "voluntary" or "gratuitous" is not determinative because the obligation to pay was contractual, and, therefore, State Farm was not prejudiced by paying such costs.

The Court concludes on this record that State Farm has not established it was prejudiced by Evans Construction's alleged failure to cooperate or that Evans Construction willfully failed to cooperate with State Farm. Indeed, although State Farm should be commended for promptly undertaking the defense of Evans Construction pursuant to a reservation of State

Farm's rights, there is not any evidence that State Farm's decision to do so was the result of a failure to cooperate by Evans Construction.

Thus, the Court concludes on this record that State Farm has failed to establish the elements of its Third Claim for breach of contract based on Evan Construction's alleged failure to cooperate. Accordingly, the Court **DENIES** State Farm's Motion (#92) for Summary Judgment and **GRANTS** Evans Construction's Cross-Motion (#107) for Summary Judgment as to State Farm's Third Claim.

> **2. State Farm has failed to establish there was any misrepresentation by Evans Construction in its tender of defense.**

State Farm alleges in its Fourth Claim that Evans Construction tendered the defense of the Underlying Lawsuit while concealing the fact that it was not entitled to coverage on any State Farm policy. State Farm asserts Evans Construction willingly ignored the policy dates and tendered the defense in a manner that would provide only select facts to support its tender of defense. State Farm points to the fact that the Secondary Notice of Defect was not tendered to State Farm because it showed there was not any damage that could have occurred before January 2011, and, therefore, there was not any coverage under the Policies. State Farm contends the Court can infer from the facts that Evans Construction knew this fact and

intentionally concealed it from State Farm.  State Farm also
contends the tender of defense itself was a willing and
intentional misrepresentation or concealment of a material fact
(*i.e.*, that Evans Construction was not an insured of State
Farm).  State Farm asserts Evans Construction "did not give
State Farm the opportunity to evaluate whether a defense was
triggered because Evans Construction concealed the very fact
that would be determinative to that evaluation."  State Farm
also states it relied on Evans Construction's misrepresentations
to its detriment when it joined in the defense of Evans
Construction in the Underlying Lawsuit.

Evans Construction, however, contends its tender of
defense was a "request for coverage" rather than a factual
representation that coverage existed.  In addition, Evans
Construction contends Walhood's statement that it "appeared"
State Farm owed a defense to Evans Construction was merely a
statement of opinion, and there is not any evidence that Evans
Construction willingly or intentionally concealed any
information.  Finally, Evans Construction contends State Farm
did not detrimentally rely on Walhood's representations because
State Farm conducted its own investigation, identified coverage
issues related to the construction dates, and came to its own
independent conclusion that it had a duty to defend based on
allegations in the Third-Party Complaint.  Evans Construction

also asserts the damages that State Farm requests are not
recoverable under its Fourth Claim of misrepresentation.

In the context of insurance disputes, reliance "means
ordinary reliance, which requires some evidence of a detrimental
action or change in position." *Eslamizar v. Am. States Ins.
Co.*, 134 Or. App. 138, 146 (1995). *See also Masood v. Safeco
Ins. Co. of Or.*, 275 Or. App. 315, 332 (2015)(citing *Eslamizar*,
134 Or. App 138). "[E]vidence of mere reliance[, however,] is
insufficient." *Stephen v. Country Mut. Ins. Co.*, No. 3:14-cv-
01345, 2017 WL 555992, at *6 (D. Or. Feb. 10, 2017). "Reliance
. . . cannot be proved by asserting, in general, that the
insurer relied on an insured to ascertain a loss. Rather, the
insurer must show that it changed its position in some way based
on the misrepresentation made." *Masood*, 275 Or. App. at 332.
"To demonstrate this, an insurer must have 'evidence of a
detrimental action or change in position,' such as offering
coverage, calculating risk, or incurring additional
investigation expenses because of [an insured's]
misrepresentations." *Degon*, 2021 WL 413839, at *4 (citing
*Eslamizar*, 134 Or. App. at 146).

State Farm alleges Evans Construction "represented in
its tender to State Farm that it was entitled to coverage by
both/either of the State Farm Policies in the Underlying
Lawsuit." State Farm supports its position by referring to

Walhood's statement that, "[b]ased on the pleadings, it appears
State Farm has a duty to defend."  This statement, however, was,
at most, a qualified opinion of a condition that "appears" to
exist rather than a statement of fact.  Christopher Carson,
Evans Construction's expert, noted in his expert report that
Walhood's statement "is not an affirmative statement of the duty
to defend based on the dates of construction.  A prudent insurer
would not be misled."  In addition, State Farm did not accept
Walhood's statement as a true fact.  Cummings, State Farm's
defense coverage specialist, reviewed Evans Construction's
tender and testified tender letters by the insured typically
state "they would like the insurance company to provide a
defense and/or indemnity to the policyholder."  Cummings
testified she conducts her own investigation and stated "whether
the insured's attorney believes there is coverage" is
"irrelevant to [her] own analysis of coverage."  Cummings also
stated her coverage-review analysis was "[b]ased on the
allegations within the 4 corners of the Third-Party Complaint."

        Moreover, Walhood provided additional facts shortly
after the tender of defense, and Nelon, State Farm's claims
specialist, noted in State Farm's claims file:  "Accepted and
received notice from the insured that there is a new lawsuit
matter filed against the insured's former siding company.  The
DOL [date of loss] is 2011 which is when the work was last

completed.  The policy was last in force from 2007-2008."

The Court concludes on this record that State Farm has failed to establish Walhood's statement concealed or misrepresented any material fact.  Specifically, the facts establish State Farm did not rely on Walhood's statement, and the record indicates State Farm made its own determination that it owed a duty to defend Evans Construction in the Underlying Lawsuit.

State Farm also contends Evans Construction willingly and intentionally made misrepresentations or concealed material facts.  State Farm points to the following examples:  On May 25, 2018, Evans Construction received the Secondary Notice of Defect that indicated January 4, 2011, was the date of the subcontract between Evans Construction and Creston Homes; that Evans Construction made a tender of defense to First Mercury, Nevada Capital, and others on June 19, 2018, because those insurers were "on the risk" after January 4, 2011; that even though First Mercury had issued three consecutive policies to Evans Construction, Evans Construction's tender was made only to First Mercury's third policy, which was "on the risk" after January 4, 2011; that Evans Construction re-tendered defense to First Mercury on its third policy, to Nevada Capital, and to other insurers on September 11, 2018, but not to State Farm; that Evans Construction sent a time-on-the-risk spreadsheet to State

Farm on August 2, 2019, and noted State Farm had "zero" days "on the risk," and, therefore, did not owe any indemnity; and that Evans Construction did not withdraw the tender of defense to State Farm until October 11, 2019, after this litigation commenced.

None of these facts, however, establish or even imply any willing or intentional concealment by Evans Construction. Walhood testified he was not thinking of the dates of the State Farm Policies or the dates of the Construction Project at the time he forwarded the Third-Party Complaint and tendered defense of the Underlying Lawsuit to State Farm, and he did not know those dates from memory. In fact, Evans Construction provided the Third-Party Complaint and tendered defense of the Underlying Lawsuit to its other insurers before it tendered to State Farm.

Instead State Farm identified the possible coverage issues based on the date of loss. After conducting its own analysis, however, State Farm accepted the tender of defense under a reservation of rights. Shortly thereafter Walhood provided State Farm with a copy of the subcontract dated January 2011. At that point State Farm knew its Policies predated Evans Construction's work on the Construction Project.

The Court concludes on this record that State Farm has failed to establish that Evans Construction willingly or intentionally concealed or misrepresented any material fact.

Finally, State Farm contends it detrimentally relied on Walhood's representations. State Farm asserts because the four corners of the complaint in the Underlying Lawsuit did not reveal whether there was any possibility of coverage, State Farm had to rely on Evans Construction's tender to conclude whether there could be some potentially covered loss during the time covered by the State Farm Policies. As noted, however, the undisputed facts establish State Farm did not accept Evans Construction's tender of defense based on Walhood's statement that there "appeared" to be a duty to defend. As noted, State Farm performed its own investigation, noted the possibility of coverage issues based on the January 2011 date of loss, conducted its own coverage analysis, and came to its own conclusion based on the pleadings that it had a duty to defend under a reservation of rights.

The Court concludes on this record that State Farm has failed to establish that it detrimentally relied on any representation by Evans Construction and that State Farm has failed to establish the elements of its Fourth Claim for misrepresentation or concealment.

In summary, the Court **DENIES** State Farm's Motion (#92) for Summary Judgment on its Claims Three and Four and **GRANTS** Evans Construction's Cross-Motion (#107) for Summary Judgment as to State Farm's Claims Three and Four.

### III.    State Farm's Fifth Claim (Equitable Subrogation/Unjust Enrichment and Common Law Indemnity).

In its Fifth Claim State Farm seeks a determination that it is entitled to recover from First Mercury and Nevada Capital under a theory of equitable subrogation/unjust enrichment (Count 1) or common-law indemnity (Count 2) the defense fees and costs that State Farm paid in defense of Evans Construction in the Underlying Lawsuit.  State Farm contends it is subrogated to Evans Construction's rights for reimbursement of defense costs that should have been paid by First Mercury and Nevada Capital, that First Mercury and Nevada Capital were unjustly enriched by State Farm's payment of defense costs, and/or that First Mercury and Nevada Capital should indemnify State Farm for the defense costs that State Farm paid.

First Mercury and Nevada Capital contend they do not owe any defense costs to State Farm under any theory and that the Court should deny State Farm's Motion, grant First Mercury's Cross-Motion for Summary Judgment, grant Nevada Capital's Motion for Summary Judgment, and enter judgment in their favor.

The Court notes State Farm seeks to recover defense costs of $3,120.30 from both First Mercury and Nevada Capital, which represents First Mercury and Nevada Capital's *pro rata* share of the $12,481.21 paid by State Farm as defense costs on behalf of Evans Construction in the Underlying Lawsuit.

**A.    Standards**

**1.    Equitable Subrogation**

Equitable subrogation is not a statutory right.  *Maine Bonding & Cas. Co. v. Centennial Ins. Co.*, 298 Or. 514, 522 (1985).  The Oregon Supreme Court stated in *Maine Bonding*:

> Subrogation is the substitution of another person in place of the creditor to whose rights he succeeds in relation to the debt, and gives to the substitute all of the rights, priorities, remedies, liens and securities of the party for whom he is substituted.  It stands upon the same broad principle of natural justice that makes one surety entitled to contribution from another, and is broad enough to cover every instance in which one party is required to pay a debt for which another is primarily answerable, and which, in equity and good conscience, ought to be discharged by the latter.  It is a mode which equity adopts to compel the ultimate discharge of a debt by him who in equity and good conscience ought to pay it and relieve him whom none but the creditor could ask to pay, and where one has been compelled to pay a debt which ought to have been paid by another, he is entitled to exercise all of the remedies which the creditor possessed against the other and to indemnity from the fund out of which should have been made the payment which he has made.  The right to be subrogated is not dependent upon legal assignment, nor upon contract, agreement, stipulation or privity between the parties to be affected by it; but the party who paid the debt must not be a mere volunteer.

*Id.*, at 521 (quoting *United States F. & G. Co. v. Bramwell*, 108 Or. 261, 277 (1923)).  *See also Wadsworth v. Talmage*, 365 Or. 558, 582 (2019)(citing *Maine Bonding*, 298 Or. 514).

### 2. Unjust Enrichment

"Although our cases refer to a substantive 'doctrine' of unjust enrichment, none provide any really comprehensive exposition of that doctrine." *Tupper v. Roan*, 349 Or. 211, 220 (2010).

"Unjust enrichment" is not determined by a "formulaic standard," but requires the court to examine whether the allegations of unjust enrichment made by a party "fall within an established category" of unjust enrichment as reflected in Oregon case law and other authorities. *Lairsa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 132 (2017). *See also LRY, LLC v. Lake Cty.*, No. 1:17-cv-00675, 2018 WL 5300387, at *5 (D. Or. 2018).

### 3. Common-Law Indemnity

"In an action for common-law indemnity, the claimant must allege and prove (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation should be discharged by the latter." *Fireman's Fund Ins. v. U.S. Fid. & Guar. Co.*, No. CV-09-263, 2009 WL 2257393, at *3 (D. Or. 2009).

### B. Analysis

As noted, State Farm contends it is entitled to recover from First Mercury and Nevada Capital its defense costs

paid on behalf of Evans Construction in the Underlying Lawsuit.

### 1. State Farm is not entitled to recover defense costs under a theory of subrogation.

State Farm contends although it did not have a duty to defend Evans Construction in the Underlying Lawsuit, First Mercury and Nevada Capital had a duty to defend Evans Construction under their respective policies. Thus, State Farm asserts it paid the defense costs that "in equity and good conscience" should have been paid by First Mercury and Nevada Capital. State Farm argues it did not "volunteer" to pay defense costs and only paid such costs pursuant to the tender of defense made by Evans Construction while State Farm sought a determination of coverage in this action.

Nevada Capital, however, contends it did not have a duty to defend Evans Construction under its policy, and, therefore, it is in the same position as State Farm. Nevertheless, Nevada Capital agreed to share the costs of defense with State Farm, and, therefore, State Farm is not entitled to reimbursement of its defense costs. Although First Mercury does not contest its duty to defend Evans Construction under its policy, First Mercury argues State Farm does not stand in the place of Evans Construction because there has not been any judgment for defense costs entered against Evans Construction.

The Court concludes it is not necessary for the Court to resolve whether State Farm or Nevada Capital owed a duty to defend Evans Construction or whether the policies of First Mercury or Nevada Capital provided coverage for the claims against Evans Construction asserted in the Underlying Lawsuit. Each of the insurers accepted Evans Construction's tender of defense under a reservation of rights and agreed to share the costs of defense. Thus, State Farm does not stand in a position that is any different than either First Mercury or Nevada Capital.

State Farm, however, contends it stands in the shoes of Evans Construction similar to the position of an excess insurer who paid defense costs for its insured even though a defense was not owed to the insured. State Farm relies on *School District No. 1, Multnomah County v. Mission Insurance Co.*, 58 Or. App. 692 (1982). In *School District No. 1*, however, the court allowed subrogation because the excess insurer paid defense costs that the primary insurers did not pay due to the primary insurers' improper denial of a defense. Here each of the insurers, including State Farm, accepted Evans Construction's tender of defense under a reservation of rights; State Farm was not an excess insurer; and First Mercury and Nevada Capital were not primary insurers in relation to State Farm.

Nevertheless, although State Farm argues it paid defense costs based on a legal obligation to defend Evans Construction, State Farm inexplicably declares at the same time that it never had such a legal obligation. State Farm cannot have it both ways. The undisputed facts show State Farm made its own determination that it possibly owed a defense to Evans Construction "based on the pleadings." State Farm accepted the tender of defense under a reservation of rights just as every other insurer did. State Farm even noted there was a possibility that there was not any coverage under its policies based on the date that Evans Construction performed the work on the Construction Project. Despite all of these facts, State Farm accepted the tender of defense and agreed to share costs for the defense of Evans Construction in the Underlying Lawsuit.

The Court concludes on this record that State Farm has not established it paid an obligation that should have been paid by either First Mercury or Nevada Capital, and, therefore, State Farm is not subrogated to any claim of Evans Construction.

**2.    State Farm is not entitled to recover defense costs under a theory of unjust enrichment.**

State Farm contends First Mercury and Nevada Capital were unjustly enriched by State Farm's payment of defense costs and that Evans Construction induced the payment of such costs by the misrepresentation that it was insured under a State Farm

policy.

The *Restatement (Third) of Restitution and Unjust Enrichment* § 13 lists "Fraud and Misrepresentation" as a type of recoverable unjust enrichment. Although the Oregon courts have recognized the *Restatement* as a proper authority when considering allegations of unjust enrichment, this Court has concluded the undisputed facts do not establish Evans Construction made any intentional concealment or misrepresentation when it tendered defense to State Farm. The record also does not reflect First Mercury or Nevada Capital engaged in any misrepresentation that induced Stated Farm to pay defense costs on behalf of Evans Construction. Accordingly, the Court concludes First Mercury and Nevada Capital were not unjustly enriched, and, therefore, State Farm cannot recover defense costs based on a theory of unjust enrichment.

**3.   State Farm is not entitled to recover defense costs based on the theory of common-law indemnity.**

As between insurers, common-law indemnity is only available when one insurer pays an amount that the other insurer should have paid based on a common duty. *Safeco Ins. Co. v. Russell*, 170 Or. App. 636, 641 (2000).

State Farm contends it has satisfied each element of a common-law indemnity claim. State Farm asserts (1) it has paid the defense costs to protect Evans Construction until a court

determines whether State Farm had a duty to defend, (2) First Mercury and Nevada Capital are liable for such costs, and (3) First Mercury and Nevada Capital should discharge this obligation because only they had the duty to defend Evans Construction.

Although State Farm paid defense costs on behalf of Evans Construction, the record reflects each insurer, including State Farm, discharged its own perceived obligation to Evans Construction. In other words, State Farm has not established it paid an obligation that was owed by other insurers. Each insurer, including State Farm, accepted Evans Construction's tender of defense under a reservation of rights and agreed to share in the costs of defense. The Court has concluded Evans Construction did not breach any contract by failing to cooperate and did not intentionally conceal or misrepresent any material fact that caused State Farm to accept the tender of defense resulting in State Farm's payment of an obligation owed by other insurers. As has been noted several times by this Court, State Farm made its own determination to accept the tender of defense under a reservation of rights even though it was aware there might not be coverage under its Policies for the claims against Evans Construction due to the dates of Evans Construction's work on the Construction Project and the coverage periods of State Farm's Policies.

The Court concludes on this record that State Farm has not established it is entitled to recover its defense costs from First Mercury or Nevada Capital based on common-law indemnity.

In summary, State Farm has failed to establish it is entitled to recover defense costs from First Mercury or Nevada Capital as alleged in State Farm's Fifth Claim.

Accordingly, the Court **DENIES** State Farm's Motion (#94) for Summary Judgment on Claim Five, **GRANTS** First Mercury's Cross-Motion (#115) for Summary Judgment on Claim Five, and **GRANTS** Nevada Capital's Motion (#96) for Summary Judgment as to the Claim Five.

## CONCLUSION

For these reasons, the Court

1. **DENIES as moot** State Farm's Motion (#90) for Summary Judgment on Claims One and Two based on the Court's lack of subject-matter jurisdiction;

2. **GRANTS** Evans Construction's Motion (#112) to Dismiss Plaintiff's Claims One and Two as Moot based on the Court's lack of subject-matter jurisdiction;

3. **DENIES as moot** Evans Construction's Cross-Motion (#113) for Summary Judgment on Plaintiff's Claims One and Two and on Evans' Second Affirmative Defense (Mootness);

4. **DENIES** State Farm's Motion (#92) for Summary Judgment

on Claims Three and Four;

5. **GRANTS** Evans Construction's Cross-Motion (#107) for Summary Judgment on Claims Three and Four and on Its Affirmative Defenses;

6. **DENIES** State Farm's Motion (#94) for Summary Judgment on Claim Five;

7. **GRANTS** First Mercury's Cross-Motion (#115) for Summary Judgment Regarding State Farm's Fifth Claim for Relief; and

8. **GRANTS** Nevada Capital's Motion (#96) for Summary Judgment as to Claim Five.

Because it appears the rulings herein resolve all pending issues in this matter, the Court **DIRECTS** the parties to confer and to submit **no later than July 19, 2021,** a form of Judgment consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 6th day of July, 2021.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge