IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE FARM FIRE AND CASUALTY             3:19-cv-00972-BR
COMPANY, an Illinois Company,

                                         OPINION AND ORDER

          Plaintiff,

v.

EVANS CONSTRUCTION & SIDING
CORP., an Oregon corporation;
FIRST MERCURY INSURANCE
COMPANY, a Delaware company;
NEVADA CAPITAL INSURANCE
COMPANY, a Nevada
corporation; PREFERRED
CONTRACTORS INSURANCE COMPANY
RISK RETENTION GROUP, LLC, a
Montana limited liability
company; HDI GLOBAL SPECIALTY
SE f/k/a INTERNATIONAL
INSURANCE COMPANY OF HANOVER
SE f/k/a INTERNATIONAL
INSURANCE COMPANY OF HANOVER
PLC, a foreign insurance
company; and CRESTON HOMES,
LLC, an Oregon limited
liability company,

          Defendants.

**DAVID P. ROSSMILLER**
**ELISSA M. BOYD**
Betts, Patterson & Mines, P.S.
111 S.W. Fifth Ave., Suite 3650
Portland, OR  97204
(503) 961-6338

       Attorneys for Plaintiff

**EMILY S. MILLER**
**MARGARET E. SCHROEDER**
Miller Insurance Law LLC
521 S.W. Clay Street
Portland, OR  97201
(971) 255-143

       Attorneys for Defendant Evans Construction Siding
       Corporation

**ANDREW S. MOSES**
**ELAINE J. BROWN**
Gordon & Polscer, L.L.C.
9020 S.W. Washington Square Road, Suite 560
Tigard, OR  97223
(503) 242-2922

       Attorneys for Defendant First Mercury Insurance
       Company

**THOMAS LETHER**
**ERIC J. NEAL**
Lether Law Group
1848 Westlake Avenue N., Suite 100
Seattle, WA  98109

       Attorneys for Defendant Nevada Capital Insurance
       Company


**BROWN, Senior Judge.**

    This matter comes before the Court on Defendant Evans
Construction Siding Corporation's Motion (#140) for Attorney Fees
and Costs.  Except as explained herein, the Court concludes the

2 - OPINION AND ORDER

record is sufficiently developed to resolve the issues described below, and, therefore, oral argument would not be helpful at this time.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Evans's Motion and directs supplemental briefing as stated herein.

<u>BACKGROUND</u>

On June 21, 2019, Plaintiff filed a Complaint in this Court against Defendant Evans in which it brought four claims: (1) declaratory judgment - duty to defend, (2) declaratory judgment - duty to indemnify, (3) breach of contract, and (4) misrepresentation.  In claims one and two Plaintiff sought a declaration that it did not have a duty to defend or to indemnify Evans in an underlying construction-defects action filed in state court.

On October 11, 2019, Evans filed an Answer in which it stated, among other things, that it "withdraws its defense tender and represents that it is not seeking and will not seek defense from Plaintiff for the Underlying Lawsuit."  Answer at ¶ 14. Evans also stated it did not "tender[] indemnity of the Underlying Lawsuit to Plaintiff," and "represent[ed] . . . it [was] not seeking and will not seek indemnity coverage from Plaintiff for the Underlying Lawsuit."  Answer at ¶ 18.

On December 20, 2019, Plaintiff filed a First Amended

Complaint in which it added First Mercury Insurance Company, Nevada Capital Insurance Company, and others as additional Defendants and added a fifth claim for equitable subrogation/ unjust enrichment or, in the alternative, common law indemnity against the insurance-company Defendants.

On January 6, 2020, State Farm filed a Second Amended Complaint in which it dismissed all Defendants except Evans, First Mercury, and Nevada Capital.

On March 5, 2021, Plaintiff filed Motions for Summary Judgment as to its first, second, third, and fourth claims.

On March 26, 2021, Evans filed a Cross-Motion for Summary Judgment as to Plaintiff's third and fourth claims.

On March 29, 2021, Evans filed a Motion to Dismiss Plaintiff's first and second claims and a Cross-Motion for Summary Judgment as to Plaintiff's first and second claims.

On June 10, 2021, the Court issued an Opinion and Order in which, among other things, it granted Evans's Motion to Dismiss Plaintiffs first and second claims on the ground that those claims were moot, denied Plaintiff's Motion for Summary Judgment as to claims three and four, and granted Evans's Cross-Motion for Summary Judgment as to claims three and four.

On August 9, 2021, Evans filed a Motion for Attorney Fees and Costs pursuant to Oregon Revised Statute § 20.105 and Federal Rule of Civil Procedure 54(d).

The Court took Evans's Motion and Bill of Costs under advisement on September 7, 2021.

## STANDARDS

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009)(quotation omitted).

When determining the amount to award as attorneys' fees when, as here, the "award of attorney fees is . . . required by statute," Oregon Revised Statutes § 20.075(2) directs the Court to consider the following factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.
>
> (e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

*See Williams v. Salem Women's Clinic*, 245 Or. App. 476, 482-83 (2011)("[T]he trial court strayed from the correct analysis. Instead of determining whether the record was "entirely devoid" of support for [the] claim, as O.R.S. § 20.105(1) requires, the court identified several factors that it took into account in awarding fees. . . .  The factors listed in the trial court's . . . opinion[] reflect those specified in O.R.S. § 20.075, which apply when another source of law gives a court *discretion* to award attorney fees.  O.R.S. § 20.075(1).  But those factors do not apply to a court's decision whether to award fees when, as here, a party seeks a *mandatory* attorney fee award under O.R.S. § 20.105(1))(emphasis in original)).

**DISCUSSION**

**I.  Attorney Fees Standard under Oregon Revised Statutes § 20.105**

Evans seeks attorney fees pursuant to Oregon Revised Statute § 20.105(1) which provides:

> In any civil action . . . the court shall award reasonable attorney fees to a party against whom a claim . . . is asserted, if that party is a

> prevailing party in the proceeding and to be paid
> by the party asserting the claim . . . upon a
> finding by the court that . . . there was no
> objectively reasonable basis for asserting the
> claim.

"Under O.R.S. § 20.105(1), the trial court is required to award attorney fees to a party who prevails against a claim if the court determines that there 'was no objectively reasonable basis for asserting the claim.' In such cases, a fee award under O.R.S. § 20.105(1) is mandatory." *Daniels v. Johnson*, 306 Or. App. 252, 253 (2020)(quoting *Morris v. Kanne*, 295 Or. App. 726, 737 (2019)).

A claim "lacks an objectively reasonable basis only if it is 'entirely devoid of legal or factual support.'" *Magno, LLC v. Bowden*, 313 Or. App. 686, 691 (2021)(quoting *Mattiza v. Foster*, 311 Or. 1, 8 (1990)). *See also Williams*, 245 Or. App. at 482 ("A claim lacks an objectively reasonable basis only if it is entirely devoid of legal or factual support either at the time it is made or, in light of additional evidence or changes in the law as litigation proceeds.")(quotations omitted)).

"In determining whether plaintiff's action was entirely devoid of factual or legal support, the question is whether any evidence, if offered and believed, or any legal authority, would support a finding and a resulting judgment for plaintiff." *Magno,* 313 Or. App. at 695 (citing *Detrick v. Dept. of Rev.*, 311 Or. 152, 157 (1991)). *See also Lenn v. Bottem*, 221 Or. App. 241,

249 (2008)(A claim is "objectively unreasonable 'if it is not supported by the law *as applied to the facts*.'")(quoting *Mattiza*, 311 Or. at 8)(emphasis in *Mattiza*)).

When determining whether a claim has an objectively reasonable basis, the court must "inquire[] whether the evidence lends 'at least some support to each element of the claim.'" *Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *4 (D. Or. Jan. 8, 2009)(quoting *Lenn*, 221 Or. App. at 249). "Weak evidence, or evidence rebutted by other evidence in the record, suffices to meet this threshold." *Peterson v. Direct Coast to Coast, LLC*, No. 3:14-CV-00284-MO, 2016 WL 756562, at *1 (D. Or. Feb. 24, 2016)(citing *Scott v. Harold Barclay Logging Co., Inc.*, 162 Or. App. 228, 231 (1999)). *See also Rafferty & Towner, Inc. v. NJS Enterprises, LLC*, 235 Or. App. 286, 290 (2010)(denying attorney fees under Or. Rev. Stat. § 20.105 when "plaintiff's . . . claim rested . . . on an extremely weak but not completely untenable interpretation of various rules of evidence[, and,] [t]herefore[,] . . . Plaintiff's fraudulent transfer claim was not without an objectively reasonable basis.").

"[A] party has a continuing duty to evaluate its position throughout the course of litigation. It is possible that a claim that was objectively reasonable when asserted may become unreasonable when viewed in light of additional evidence or

changes in the law." *Dimeo v. Gesik*, 197 Or. App. 560, 562 (2005).

## II. Plaintiff's Third and Fourth Claims

Evans asserts Plaintiff's third and fourth claims for breach of contract and misrepresentation were never objectively reasonable and, therefore, Evans is entitled to attorney fees for those claims.

### A. Plaintiff's Third Claim

In Plaintiff's third claim for breach of contract Plaintiff alleged the cooperation clause of the Plaintiff's policies required the insured to "cooperate with [Plaintiff] in the investigation, settlement[,] or defense of the claim or suit" and that Evans knew when it tendered defense of the underlying action to Plaintiff that the damages could not have occurred during the effective period of the policies.  According to Plaintiff, therefore, Evans breached its duty to cooperate in the investigation of the claims by making a knowingly false tender of defense.

A federal court, sitting in diversity, applies state law when interpreting an insurance policy.  *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008).  Under Oregon law when "the duty to cooperate 'is breached, the insurer may have a complete defense to coverage.'" *Schalk v. Infinity Ins. Co.*, No. 3:20-CV-00615-YY, 2021 WL

1877976, at *2 (D. Or. Apr. 16, 2021), report and recommendation adopted, No. 3:20-CV-00615-YY, 2021 WL 1868075 (D. Or. May 10, 2021)(quoting *Mosley v. Allstate Ins. Co.*, 165 Or. App. 304, 312 (2000), *abrogated on other grounds, Scott v. State Farm Mut. Auto. Ins. Co.*, 345 Or. 146, 154-56 (2008)).  An insurer's "obligations can be relieved under insurance contract's failure-to-cooperate clause only upon showing that (1) insurer diligently sought insured's cooperation, (2) insured willfully failed to cooperate and (3) insured's failure to cooperate prejudiced insurer."  *Assurance Co. of Am. v. MDF Framing, Inc.*, 338 F. App'x 625, 626 (9th Cir. 2009)(citing *Rosalez v. Unigard Ins. Co.*, 283 Or. 63, 67-68 (1978)).

At summary judgment the Court concluded Plaintiff did not establish that Evans failed to cooperate within the meaning of the policies.  Specifically, the Court noted Evans's attorney, Kenneth Walhood, sent Claims Specialist James Nelon a copy of the third-party complaint in the underlying action and stated: "Based on the pleadings, it appears [Plaintiff] has a duty to defend."  The Court also noted, however, that the record reflects Plaintiff undertook its own investigation and evaluation of its duty to defend Evans in the underlying action.  Accordingly, the Court concluded, among other things, that Plaintiff failed to establish that it was prejudiced by Evans's alleged failure to cooperate.  The record, therefore, reflects the evidence did not

support the third element of Plaintiff's third claim:  prejudice

to the insurer caused by the insured's failure to cooperate.

Accordingly, the Court finds Plaintiff's third claim was

objectively unreasonable because the evidence did not "lend[] 'at

least some support to each element of'" that claim.  *Kraft*, 2009

WL 73869, at *4 (quoting *Lenn*, 221 Or. App. at 249).

The Court, therefore, concludes Evans has established it is

entitled to attorney fees for Plaintiff's third claim for breach

of contract.

### B.  **Plaintiff's Fourth Claim**

In Plaintiff's fourth claim for misrepresentation

Plaintiff alleged Evans knowingly made a false representation

that it was entitled to coverage when it submitted the tender of

defense, that Plaintiff relied on the false representation, and

Plaintiff was damaged as a result of its reliance.

Under Oregon law to void a policy based on

misrepresentation the insurer must establish by a preponderance

of the evidence that (1) the insured misrepresented or concealed

a material fact, (2) the insured did so willingly or

intentionally, and (3) the insurer relied on the

misrepresentation or concealment to its detriment.  *Degon v. USAA*

*Cas. Ins. Co.*, No. 3:19-cv-01152, 2021 WL 413839, at *4 (D. Or.

Jan. 7, 2021).  In the context of insurance disputes, reliance

"means ordinary reliance, which requires some evidence of a

detrimental action or change in position." *Eslamizar v. Am. States Ins. Co.*, 134 Or. App. 138, 146 (1995). "[E]vidence of mere reliance[, however,] is insufficient." *Stephen v. Country Mut. Ins. Co.*, No. 3:14-cv-01345, 2017 WL 555992, at *6 (D. Or. Feb. 10, 2017). "Reliance . . . cannot be proved by asserting, in general, that the insurer relied on an insured to ascertain a loss. Rather, the insurer must show that it changed its position in some way based on the misrepresentation made." *Masood v. Safeco Ins. Co. of Or.*, 275 Or. App. 315, 332 (2015). "To demonstrate this, an insurer must have 'evidence of a detrimental action or change in position,' such as offering coverage, calculating risk, or incurring additional investigation expenses because of [an insured's] misrepresentations." *Degon*, 2021 WL 413839, at *4 (quoting *Eslamizar*, 134 Or. App. at 146).

At summary judgment the Court noted the record reflects Plaintiff's defense coverage specialist Linda Cummings testified she conducts her own investigation when an insured requests a defense or coverage, and "whether the insured's attorney believes there is coverage" is "irrelevant to [her] own analysis of coverage." Cummings noted her coverage-review analysis was "[b]ased on the allegations within the 4 corners of the Third-Party Complaint." The Court concluded, among other things, that Plaintiff failed to establish that it relied on Walhood's statement because the record reflects Plaintiff conducted its own

independent investigation and analysis of whether it had a duty to defend Evans.  The record, therefore, reflects the evidence did not support the third element of Plaintiff's fourth claim: reliance on the alleged misrepresentation or concealment to Plaintiff's detriment.  Accordingly, the Court finds Plaintiff's fourth claim was objectively unreasonable because the evidence did not "lend[] 'at least some support to each element of'" that claim.  *Kraft*, 2009 WL 73869, at *4 (quoting *Lenn*, 221 Or. App. at 249).

The Court, therefore, concludes Evans has established it is entitled to attorney fees for Plaintiff's fourth claim for misrepresentation.

**III. Plaintiff's First Claim**

In its initial Complaint Plaintiff alleged in its first claim for duty to defend:

> An actual controversy exists between State Farm and Evans Construction relating to whether State Farm has a duty to defend Evans Construction in the Underlying Lawsuit regarding either the 2006-07 or the 2007-08 policy.  Namely, State Farm does not believe it owes a duty to defend Evans Construction, but Evans Construction apparently believes it is owed a defense from State Farm.

Compl. at ¶ 14.

As noted, on October 11, 2019, Evans filed an Answer in which it withdrew "its defense tender and represent[ed] that it [was] not seeking and will not seek defense from Plaintiff for the Underlying Lawsuit."  Answer at ¶ 14.

13 - OPINION AND ORDER

In its Motion for Attorney Fees Evans asserts Plaintiff's claim for duty to defend may have been objectively reasonable when Plaintiff first filed this action, but it became objectively unreasonable after Evans withdrew its defense tender on October 11, 2019.

Plaintiff asserts it had an objectively reasonable basis to assert its claim for duty to defend throughout the litigation. Specifically, Plaintiff points out that there were not any Ninth Circuit, District of Oregon, or Oregon state-court cases that held a duty to defend claim is automatically moot when a tender of defense has been withdrawn; the cases on which Evans relied at summary judgment were distinguishable because the only claim asserted in those cases was one for declaratory judgment; and the Court concluded at summary judgment that there was not any actual case or controversy only after Evans withdrew its tender of defense and the underlying action settled and dismissed in April 2020.

Although at summary judgment the Court ultimately adopted the reasoning of the several cases cited by Evans in support of its assertion that Plaintiff's first claim was moot, the Court noted there were not any Ninth Circuit, District of Oregon, or Oregon state-court cases that held a duty to defend claim is automatically moot when a tender of defense has been withdrawn. Courts have concluded under similar circumstances that a party's

claim was weak, but not totally devoid of legal or factual
support.  *See, e.g., Kraft*, 2009 WL 73869, at *5 (The court
"canvassed Oregon case law but did not find a case that directly
addressed an indefinite promise between parties negotiating at
arms' length.  Rather, several Oregon courts had upheld
promissory estoppel claims arising from indefinite promises by
employers to their employees.  Thus, although plaintiffs' breach
of contract claim was weak, it was not 'totally devoid' of legal
or factual support.").

In addition, the Court concluded at summary judgment that
although Plaintiff's first claim was objectively reasonable when
it was filed, it became moot after Evans filed its October 11,
2019, Answer withdrawing its tender of defense and a judgment was
entered on April 21, 2020, in the underlying action.  The Court,
therefore, finds Plaintiff's first claim became objectively
unreasonable after April 21, 2020, when the state court entered a
judgment in the underlying action and the parties did not seek
any defense from Plaintiff.

Accordingly, the Court concludes Evans is not entitled to
attorney fees on Plaintiff's first claim until after April 21,
2020.

## IV.  Plaintiff's Second Claim

In its initial Complaint Plaintiff alleged in its second
claim that

> [a]n actual controversy exists between State Farm
> and Evans Construction relating to whether State
> Farm has a duty to indemnify Evans Construction in
> the Underlying Lawsuit regarding either the
> 2006-07 or the 2007-08 policy.  Namely, State Farm
> does not believe it owes a duty to indemnify Evans
> Construction, but Evans Construction apparently
> believes it is owed indemnity from State Farm, to
> the extent Evans Construction may be assessed
> liability in the Underlying Lawsuit.

Compl. at ¶ 18.  Evans contends this claim was objectively
unreasonable from the beginning of this action because Evans
never tendered a duty to indemnify to Plaintiff.  In fact, Evans
stated in its Answer:

> [Evans] denies that any actual controversy exists
> regarding State Farm's duty to indemnify [Evans] in
> the Underlying Lawsuit because neither [Evans] nor
> its attorney tendered indemnity of the Underlying
> Lawsuit to Plaintiff.  [Evans] further represents
> that it is not seeking and will not seek indemnity
> coverage from Plaintiff for the Underlying Lawsuit.

Answer at ¶ 18.  Plaintiff asserted at summary judgment that
contrary to the assertion in its Answer, Evans did seek indemnity
from Plaintiff in two emails from Walhood on August 7, 2019, and
October 17, 2019.  As Evans explained at summary judgment,
however, at the time Walhood sent those emails he was
representing both Plaintiff and Evans.  *Siltronic Corp. v.
Employers Ins. Co. of Wausau*, 176 F. Supp. 3d 1033, 1050 (D. Or.
2016)("A lawyer who represents an insured in the typical
insurance defense situation in which the insurer is paying the
legal fees has two clients: the insurer and the insured.")
(citing OSB Formal Ethics Op. No. 2005-157, p. 1, n. 1).  In both

16 - OPINION AND ORDER

emails Walhood was providing Plaintiff with information regarding two failed attempts to settle the underlying action with settlement funds approved by First Mercury Insurance Company, not Plaintiff.  Walhood was not requesting indemnification by Plaintiff.  Plaintiff did not point to any other evidence at summary judgment to establish Evans requested indemnification from Plaintiff at any time.  The Court, therefore, concludes Plaintiff's second claim was objectively unreasonable. Accordingly, the Court concludes Evans has established it is entitled to attorney fees for Plaintiff's second claim for duty to indemnify.

**V.    Summary**

In summary, the Court concludes Evans has established it is entitled to attorney fees on Plaintiff's second, third, and fourth claims and for attorney fees accrued after April 21, 2020, on Plaintiff's first claim.  Evans, however, did not identify in its billing records the claims on which its attorneys were performing work on each date.  The Court, therefore, **DIRECTS** Evans to review its attorney fee records, to reduce its requested fees for any work performed on Plaintiff's first claim that was performed before April 21, 2020, and to submit to the Court not later than November 8, 2021, a Supplemental Motion for Attorney Fees.

The Court also notes it is concerned about the number of

17 - OPINION AND ORDER

hours requested by Evans's counsel in this relatively straight-forward insurance matter.  Evans seeks attorney fees in the amount of $189,805 comprised of 486.5 hours of time billed by partners and 50.9 hours of time billed by of counsel for an action that was resolved in roughly two years without trial. Specifically, Evans seeks 397.4 hours of time by Margaret Schroeder, a partner with 18-19 years of experience; 20.3 hours of time for Emily Miller, a partner with 17-18 years of experience; 68.8 hours of time for Rachel Nies, a partner with 12 years of experience; and 50.9 hours for Blake Mikkelsen, of counsel with 14 years of experience.  The Court, therefore, **DIRECTS** Evans also to include in its Supplemental Motion for Attorney Fees a detailed explanation of the need for four experienced attorneys to bill over 500 hours to resolve this matter including a specific explanation why the total fees sought should not be reduced for duplication of effort.

Plaintiff's response to Evans's Supplemental Motion with specific objections is due not later than November 8, 2021.  No reply is permitted unless requested by the Court.

The Court will address Evans's Cost Bill at the time it evaluates Evans's Supplemental Motion for Attorney Fees.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in**

18 - OPINION AND ORDER

**part** Evans's Motion (#140) for Attorney Fees and Costs.  The Court **DIRECTS** Evans to file a Supplemental Motion for Attorney Fees as set out in this Opinion and Order **not later than November 8, 2021.**

IT IS SO ORDERED.

DATED this 13th day of October, 2021.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge

19 - OPINION AND ORDER