IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**, an Illinois Company,<br><br>        Plaintiff,<br><br>v.<br><br>**EVANS CONSTRUCTION & SIDING CORP.**, an Oregon corporation; **FIRST MERCURY INSURANCE COMPANY**, a Delaware company; **NEVADA CAPITAL INSURANCE COMPANY**, a Nevada corporation; **PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC**, a Montana limited liability company; **HDI GLOBAL SPECIALTY SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANOVER SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANOVER PLC**, a foreign insurance company; and **CRESTON HOMES, LLC**, an Oregon limited liability company,<br><br>        Defendants. | 3:19-cv-00972-BR<br><br>OPINION AND ORDER |

1 - OPINION AND ORDER

**DAVID P. ROSSMILLER**
**ELISSA M. BOYD**
Betts, Patterson & Mines, P.S.
111 S.W. Fifth Ave., Suite 3650
Portland, OR  97204
(503) 961-6338

    Attorneys for Plaintiff

**EMILY S. MILLER**
**MARGARET E. SCHROEDER**
Miller Insurance Law LLC
521 S.W. Clay Street
Portland, OR  97201
(971) 255-143

    Attorneys for Defendant Evans Construction Siding
    Corporation

**ANDREW S. MOSES**
**ELAINE J. BROWN**
Gordon & Polscer, L.L.C.
9020 S.W. Washington Square Road, Suite 560
Tigard, OR  97223
(503) 242-2922

    Attorneys for Defendant First Mercury Insurance
    Company

**THOMAS LETHER**
**ERIC J. NEAL**
Lether Law Group
1848 Westlake Avenue N., Suite 100
Seattle, WA  98109

    Attorneys for Defendant Nevada Capital Insurance
    Company

**BROWN, Senior Judge.**

    This matter comes before the Court on Defendant Evans Construction Siding Corporation's Supplemental Motion (#149) for Attorney Fees and Costs.  The Court concludes the record is

2 - OPINION AND ORDER

sufficiently developed, and, therefore, oral argument would not be helpful to resolve this Motion.

For the reasons that follow, the Court **GRANTS** Evans's Supplemental Motion and awards attorney fees to Evans in the amount of $138,210 and costs in the amount of $4,955.14.

## BACKGROUND

Because the parties are familiar with the facts underlying this action, the Court sets forth only the facts that are relevant to the pending Motion.

On June 21, 2019, Plaintiff filed a Complaint in this Court against Defendant Evans in which it brought four claims: (1) declaratory judgment - duty to defend, (2) declaratory judgment - duty to indemnify, (3) breach of contract, and (4) misrepresentation.

On December 20, 2019, Plaintiff filed a First Amended Complaint in which it added First Mercury Insurance Company, Nevada Capital Insurance Company, and others as additional Defendants and added a fifth claim for equitable subrogation/ unjust enrichment or, in the alternative, common law indemnity against the insurance-company Defendants.

On January 6, 2020, State Farm filed a Second Amended Complaint in which it dismissed all Defendants except Evans, First Mercury, and Nevada Capital.

3 - OPINION AND ORDER

On June 10, 2021, the Court issued an Opinion and Order in which, among other things, it granted Evans's Motion to Dismiss Plaintiff's first and second claims on the basis that those claims were moot, denied Plaintiff's Motion for Summary Judgment as to claims three and four, and granted Evans's Cross-Motion for Summary Judgment as to claims three and four.

On August 9, 2021, Evans filed a Motion for Attorney Fees and Costs pursuant to Oregon Revised Statute § 20.105 and Federal Rule of Civil Procedure 54(d).

On October 13, 2021, the Court issued an Opinion and Order in which it granted in part and denied in part Evans's Motion for Attorney Fees.  Specifically, the Court concluded Evans established it was entitled to attorney fees on Plaintiff's second, third, and fourth claims and for attorney fees accrued after April 21, 2020, on Plaintiff's first claim.  Evans, however, did not identify in its billing records the claims on which its attorneys were performing work on each date.  The Court, therefore, directed Evans to review its attorney fee records and to reduce its requested fees for any work performed on Plaintiff's first claim that was performed before April 21, 2020.  The Court also expressed concern about the number of hours requested by Evans's counsel in this relatively straight-forward insurance matter.  The Court noted Evans sought attorney fees in the amount of $189,805 comprised of 486.5 hours of time billed by

4 - OPINION AND ORDER

partners and 50.9 hours of time billed by of counsel for an action that was resolved in roughly two years without trial. Accordingly, the Court directed Evans to file a Supplemental Motion for Attorney Fees that included a detailed explanation of the need for four experienced attorneys to bill over 500 hours to resolve this matter including a specific explanation why the total fees sought should not be reduced for duplication of effort.

On November 8, 2021, Evans filed a Supplemental Motion for Attorney Fees in which it seeks $197,785 in attorney fees and $17,375.14 in costs.

The Court took Evans's Motion and Bill of Costs under advisement on November 22, 2021.

## SUPPLEMENTAL MOTION (#149) FOR ATTORNEY FEES

As noted, Evans seeks attorney fees in the amount of $197,785 in this matter.

### I. Standards

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009)(quotation omitted).

5 - OPINION AND ORDER

When determining the amount to award as attorneys' fees when, as here, the "award of attorney fees is . . . required by statute," Oregon Revised Statutes § 20.075(2) directs the Court to consider the following factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.
>
> (e) The time limitations imposed by the client or the circumstances of the case.
>
> (f) The nature and length of the attorney's professional relationship with the client.
>
> (g) The experience, reputation and ability of the attorney performing the services.
>
> (h) Whether the fee of the attorney is fixed or contingent.

See *Williams v. Salem Women's Clinic*, 245 Or. App. 476, 482-83 (2011)("[T]he trial court strayed from the correct analysis. Instead of determining whether the record was 'entirely devoid' of support for [the] claim, as O.R.S. § 20.105(1) requires, the court identified several factors that it took into account in awarding fees. . . . The factors listed in the trial court's

. . . opinion[] reflect those specified in O.R.S. § 20.075, which apply when another source of law gives a court *discretion* to award attorney fees.  O.R.S. § 20.075(1).  But those factors do not apply to a court's decision whether to award fees when, as here, a party seeks a *mandatory* attorney fee award under O.R.S. § 20.105(1))(emphasis in original)).

**II.  Factors in Oregon Revised Statutes § 20.075(2)(b), (e)-(h)**

The parties do not address the factors set out in § 20.075(2)(b), (e)-(h) and these factors do not appear to be disputed.  The Court, therefore, concludes these factors are not relevant to the attorney fee issues in this matter.

**III. Oregon Revised Statutes § 20.075(2)(c)**

Oregon Revised Statutes § 20.075(2)(c) directs the Court to consider "[t]he fee customarily charged in the locality for similar legal services."

Plaintiff seeks attorney fees for Rachel Nies at rates of $325 and $350 per hour; Margaret Schroeder at rates of $350 and $375 per hour; Emily Miller at rates of $325, $350, and $375 per hour; and W. Blake Mikkelsen at a rate of $300 per hour.  Evans does not assert the hourly rates requested for Plaintiff's counsel are unreasonable.  Nevertheless, the Court has an independent duty to review a motion for attorney fees for reasonableness.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  *See also Cruz v. Alhambra Sch. Dist.*, 282 F.

7 - OPINION AND ORDER

App'x 578, 580 (9th Cir. 2008)(The district court has an "obligation to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.").

To determine the reasonable hourly rate of an attorney this Court uses the most recent Oregon State Bar Economic Survey published in 2017 as its initial benchmark.  Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

### A. Rachel Nies

Evans requests hourly rates of $325 and $350 per hour for the time Nies spent on this case.

Nies graduated from law school in 1994 and had 25 to 26 years of experience during this action.  During the relevant period Nies was a partner in Miller Nies, LLC.  Nies's resume indicates she specializes in insurance-coverage analysis and litigation.  The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland are between $325 and $525 per hour.  The Court, therefore, concludes the hourly rates of $325 and $350 sought by Nies are reasonable.

### B. Margaret Schroeder

Evans requests hourly rates of $350 and $375 per hour for the time Schroeder spent on this case.

Schroeder graduated from law school in 2002 and had 18 to 19 years of experience during this action. Schroeder is a partner in Miller Nies, LLC. Schroeder's resume indicates she specializes in insurance-coverage analysis and litigation. The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland are between $250 and $500 per hour. The Court, therefore, concludes the hourly rates of $350 and $375 sought by Schroeder are reasonable.

**C.     Emily Miller**

Evans requests hourly rates of $325 to $375 per hour for the time Miller spent on this case.

Miller graduated from law school in 2003 and had between 16 and 18 years of experience during this action. Miller is a partner in Miller Nies, LLC. Miller's resume indicates she specializes in insurance-coverage analysis and litigation. The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland are between $250 and $500 per hour. The Court, therefore, concludes the hourly rates between $325 and $375 sought by Miller are reasonable.

**D.     W. Blake Mikkelsen**

Evans requests an hourly rate of $300 per hour for the time Mikkelsen spent on this case

Mikkelsen graduated from law school in 2007 and has 14 years of experience. Mikkelsen's resume indicates he specializes

9 - OPINION AND ORDER

in insurance-coverage analysis and litigation.  The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland are between $180 and $460 per hour.  The Court, therefore, concludes the hourly rate of $300 sought by Mikkelsen is reasonable.

**IV. Oregon Revised Statutes § 20.075(2)(a)**

Oregon Revised Statutes § 20.075(2)(a) directs the Court to consider "the time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services."

    **A.  Novelty and Difficulty of the Issues**

Evans asserts this was a "novel and complex" insurance case.  Plaintiff asserted it did not and could not have had a duty to defend or to indemnify the underlying action because Evans's insurance policies provided by Plaintiff expired before the defective work at issue in the underlying action occurred.  Plaintiff contended it was improper for Evans to tender a claim to Plaintiff when Evans was aware of the time frame of the construction and the period of the insurance policies.  In addition, Plaintiff asserted Evans's actions constituted a breach of the cooperation clause of the insurance policies as well as misrepresentation.  Claims for duty to defend, duty to indemnify, breach of an insurance clause, and misrepresentation are not

novel claims.  In addition, although there was a dispute between the parties as to how facts in the record should be applied to the law as well as a lack of clear statement as to the particular legal issues associated with the duty to defend and to indemnify under the specific circumstances of this case, the dispute between Plaintiff and Evans as a whole was not complex.

**B.   Attorney Time**

In its Supplemental Motion for Attorney Fees Evans seeks 61.8 hours of time by Rachel Nies, 424.1 hours of time by Margaret Schroeder, 21.1 hours of time for Emily Miller, and 50.9 hours for Blake Mikkelsen for a total of 557.9 hours of attorney time in the total amount of $197,785.[1]

Plaintiff objects to Evans's requested fees on the basis that the amount of time spent by counsel was excessive in light of their extensive insurance experience.  For example, Evans seeks 192 hours of attorney time for discovery.  Plaintiff, however, produced a total of only 494 pages of documents during discovery, many of which were duplicates of documents in Evans's control.  The claim file, which was the central point of this litigation, was under 30 pages.  In addition, there were only four depositions of Plaintiff's personnel that totaled 5.5 hours of testimony, two depositions of experts that took six hours in total, and one 30(b)(6) deposition that had 4.5 hours of

---

[1] *See* Exhibit 1 for the Court's calculations.

testimony.  Thus, in total there were 16 hours of deposition testimony.  The Court notes Nies, Schroeder, and Miller were all partners with significant experience and for the rates they are requesting it is expected that they be experts in the matters at issue in this case and that they be more efficient with their time than the billing record in this case indicates.  For example, this Court found in a complex insurance case that involved a 200-page claim file, four depositions, and disputed coverage issues that 54 hours of discovery conducted by a partner was reasonable.  *See Edwards v. Cincinnati Ins. Co.*, 3:19-cv-01425-BR, Opin. and Order (Feb. 8, 2021).  The Court reaches the same conclusion under the circumstances of this case and, therefore, declines to award attorneys' fees to Evans for 138 hours of time spent on discovery.[2]  *See* Exhibit 1.

Plaintiff also notes although Evans asserts the summary-judgment briefing in this matter totaled 435 pages, the record reflects that the briefs relevant to Evans totaled only 266 pages of argument, 107 of which were drafted by Evans.  *See* Decl. of David Rossmiller at ¶ 4.  The remaining pages related to Plaintiff's claims against the other insurers.  Moreover, Evans asserts three attorneys were necessary for the summary judgment

---

[2] Nies and Schroeder conducted all but .9 hours of discovery in this matter at a rate of $350.  Second Supp'l Decl. of Margaret Schroeder, Ex. 3 at 28.  The Court, therefore, deducts the 138 hours of discovery from Nies and Schroder's requested hours.  *See* Exhibit 1.

briefing because Mikkelsen and Miller have specific insurance coverage expertise.  As Plaintiff points out, however, if two attorneys were experts it is unclear why a third attorney was required.  The Court notes attorneys with the level of experience of those involved in this matter and billing at rates between $300 and $375 per hour should be more efficient with their time in preparing and briefing summary judgment.  In order to set an attorney fee award that fairly adjusts for the noted duplication of work, the Court, therefore, reduces Evans's requested hours spent on summary judgment research, drafting, and review by 33 hours across the time spent by Mikkelsen, Miller, and Schroeder on these services.

In summary the Court concludes Evans has established $138,210 of the requested $197,785 attorney fees was reasonably expended.  *See* Ex. 1 to Opin. and Order.  Accordingly, the Court awards Evans attorneys' fees in the amount of $138,210.

## BILL OF COSTS (#143)

Evans requests costs in the amount of $17,375.14 comprised of witness fees, deposition transcripts, and expert-witness fees. Plaintiff does not object to Evans's requested costs for witness fees and deposition transcripts totaling $4,955.14.  Plaintiff, however, objects to Evans's request for $12,420 in costs for

13 - OPINION AND ORDER

expert-witness fees on the basis that 28 U.S.C. § 1920 does not permit recovery of expert-witness fees.

**I.   Standards.**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;
>
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

14 - OPINION AND ORDER

**II.   Analysis**

As noted, generally costs are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

The Supreme Court has made clear that § 1920 and Federal Rule of Civil Procedure 54(d) do not authorize an award of expert-witness fees.  For example in *Crawford* the Supreme Court addressed whether courts could award expert witness fees under Federal Rule of Civil Procedure 54(d).  482 U.S. at 441.  The Court noted Rule 54(d) authorizes an award of "costs" but does not expressly refer to expert witness fees and § 1920 also does not include expert witness fees in its definition of costs.  *Id*.  The Court, therefore, concluded the prevailing party could not obtain expert witness fees noting "[w]hen 'a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § [1920], absent contract or explicit [federal] statutory authority to the contrary.'"

15 - OPINION AND ORDER

*Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877-78 (2019)(quoting *Crawford*, 482 U.S. at 439).

Evans does not point to any contract or explicit federal statutory authority that authorizes an award of expert witness fees as costs in this matter.  The Court, therefore, declines to award Evans expert witness fees.  Accordingly, the Court the Court awards costs to Evans in the amount of **$4,955.14**.

## CONCLUSION

For these reasons, the Court **GRANTS** Evans's Supplemental Motion (#149) for Attorney Fees and Costs and **AWARDS** attorney fees to Evans in the amount of **$138,210** and costs in the amount of **$4,955.14**.

IT IS SO ORDERED.

DATED this 10th day of January, 2022.

/s/ Anna J. Brown
ANNA J. BROWN
United States Senior District Judge

16 - OPINION AND ORDER

**State Farm v. Evans**
**3:19-cv-00972-BR**

|  | Time requested | rate | Total requested | Time Disallowed | Total Allowed |
|---|---|---|---|---|---|
| **Rachel Nies** | | | | | |
| Main litigation | 27.5 | $ 325 | $ 8,938 |  | $ 8,938 |
|  | 34.3 | $ 350 | $ 12,005 | 26.3 | $ 2,800 |
|  | 61.8 |  | $ 20,943 |  | $ **11,738** |
|  |  |  |  |  |  |
| **Margaret Schroeder** | | | | | |
| Main litigation | 203.8 | $ 350 | $ 71,330 | 111.7 | $ 32,235 |
|  | 193.6 | $ 375 | $ 72,600 | 11 | $ 68,475 |
| Motion for Fees | 12.5 | $ 375 | $ 4,688 |  | $ 4,688 |
| Supp'l Mot. for Fees | 14.2 | $ 375 | $ 5,325 |  | $ 5,325 |
|  | 424.1 |  | $ 153,943 |  | $ **110,723** |
|  |  |  |  |  |  |
| **Emily Miller** | | | | | |
| Main litigation | 5.2 | $ 325 | $ 1,690 |  | $ 1,690 |
|  | 0.9 | $ 350 | $ 315 | 11 | $ (3,535) |
|  | 14.2 | $ 375 | $ 5,325 |  | $ 5,325 |
| Motion for Fees | 0.8 | $ 375 | $ 300 |  | $ 300 |
|  | 21.1 |  | $ 7,630 |  | $ **3,780** |
|  |  |  |  |  |  |
| **W. Blake Mikkelsen** | | | | | |
| Main litigation | 50.9 | $ 300 | $ 15,270 | 11 | $ **11,970** |
|  |  |  |  |  |  |
|  | 557.9 |  |  |  | $ **138,210** |

**Exhibit 1**